CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:26-cv-04980 <br><br> Related Case No. 2:25-cv-03643-MCS-BFM <br><br> **NOTICE OF RELATED CASES** <br><br> **[C.D. Cal. R. 83-1.3]** <br><br> Action Filed:   May 8, 2026 |
|---|---|

NOTICE OF RELATED CASES

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 83-1.3.1, Plaintiff Northern Light Medical Management, LLC ("NLMM") hereby identifies the above-captioned action as related to the following case previously filed in this District:

1. *Northern Light Medical Management, LLC v. American Healthcare Systems Corp., Inc., et al.*, No. 2:25-cv-03643-MCS-BFM (C.D. Cal. filed Apr. 24, 2025) (the "Related Action"), assigned to the Honorable Mark C. Scarsi (District Judge) and the Honorable Brianna Fuller Mircheff (Magistrate Judge).

The instant action arises directly from and is inextricably linked to the Related Action. NLMM brings the instant action against the same defendants who were sued in the Related Action—American Healthcare Systems Corp., Inc. ("AHS") and Waukegan Illinois Hospital Company, LLC, d.b.a. Vista Medical Center East ("Vista," and together with AHS, the "AHS Parties")—along with an additional defendant, Mike Sarian, both in his individual capacity and as Trustee of the Sarian Family Trust. Sarian is the founder, chairman, and chief executive officer of AHS, and through the Sarian Family Trust, owns 51% of AHS, which in turn owns 100% of Vista.

The Related Action was filed on April 24, 2025 by NLMM against the AHS Parties. In the Related Action, NLMM asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, common count for goods and services rendered, and accounting, arising from the AHS Parties' alleged failure to pay for hospital-based radiology services and related costs that NLMM provided and incurred under a Master Services Agreement for Hospital-Based Radiology dated September 18, 2024.

On February 9, 2026, the parties participated in a settlement conference before Magistrate Judge Mircheff and reached a binding global settlement of the Related

NOTICE OF RELATED CASES

Action, the terms of which were placed on the record.[1] Sarian personally appeared at the settlement conference as the AHS Parties' authorized representative and agreed to the settlement on the record on AHS's and Vista's behalf. The parties thereafter executed a Confidential Settlement Agreement and Mutual Release effective February 27, 2026 (the "Settlement Agreement"), which Sarian signed on behalf of AHS and Vista. Among other things, the Settlement Agreement required the AHS Parties to pay NLMM $675,000.00 in installments and required the parties to file a joint stipulation dismissing the Related Action with prejudice. On March 27, 2026, the parties filed the Joint Stipulation of Dismissal with Prejudice, and on March 30, 2026, the Court entered an order dismissing the Related Action *without* retaining jurisdiction to enforce the Settlement Agreement.[2]

The AHS Parties have since breached their payment obligations under the Settlement Agreement and failed to cure that breach. The instant action thus seeks to (i) enforce the Settlement Agreement against the AHS Parties and recover the accelerated unpaid balance, together with contractual interest, attorneys' fees, and costs, and (ii) hold Sarian liable for tortiously interfering with the Settlement Agreement by inducing the AHS Parties' breach.

The two cases are related under each of the criteria set forth in Local Rule 83-1.3.1. Where any of Local Rule 83-1.3.1's factors are present, the filing of a Notice of Related Cases is mandatory; "the parties are to describe the relevant facts, and the Court makes the final determination as to relatedness." *Karapetyan v. Allstate Northbrook Indem. Co.*, No. 224CV01019JLSAJR, 2024 WL 1930780, at *1 (C.D. Cal. May 1, 2024). Here, all three factors are satisfied.

---

[1] *See* Minutes of Settlement Conference, *N. Light Med. Mgmt., LLC v. Am. Healthcare Sys. Corp., Inc.*, No. 2:25-cv-03643-MCS-BFM (C.D. Cal. Feb. 9, 2026), Dkt. No. 87.

[2] *See* Order Re: Stip. of Dismissal, *N. Light Med. Mgmt., LLC v. Am. Healthcare Sys. Corp., Inc.*, No. 2:25-cv-03643-MCS-BFM (C.D. Cal. Mar. 30, 2026), Dkt. No. 91.

*First*, the instant action "arise[s] from the same or a closely related transaction, happening, or event" as the Related Action. C.D. Cal. R. 83-1.3.1(a). The Settlement Agreement at the center of the instant dispute was negotiated and agreed upon to resolve the claims asserted in the Related Action, and the settlement's terms were placed on the record following a settlement conference in the Related Action that was conducted by Magistrate Judge Mircheff and personally attended by Sarian on the AHS Parties' behalf. NLMM's tortious interference claim against Sarian arises directly from his subsequent conduct in causing the AHS Parties to breach the settlement terms he agreed to and executed on the AHS Parties' behalf.

*Second*, the two actions "call for determination of the same or substantially related or similar questions of law and fact." C.D. Cal. R. 83-1.3.1(b). The Court in the Related Action is already familiar with the parties, the underlying relationship between NLMM and the AHS Parties, the course of the prior litigation, and the settlement that resolved it. The instant action involves the same Settlement Agreement, the same on-the-record settlement reached before Magistrate Judge Mircheff, and the same defendants from the Related Action, now joined by Sarian.

*Third*, assignment of the instant action to a different judge "would entail substantial duplication of labor." C.D. Cal. R. 83-1.3.1(c); *see Espinosa v. Genesis Healthcare, Inc.*, No. CV 20-688-JFW(JEMX), 2020 WL 10506033, at *1 (C.D. Cal. Oct. 15, 2020) ("Local Rule 83-1.3.1 is intended to prevent the substantial duplication of labor by multiple judges."). The Court in the Related Action presided over that case for nearly a year, including the settlement conference that produced the Settlement Agreement and the subsequent entry of the order of dismissal.

For the foregoing reasons, NLMM respectfully requests that the above-captioned action be deemed related to the Related Action pursuant to Local Rule 83-1.3.1, and that this case be assigned to District Judge Scarsi and Magistrate Judge Mircheff.

NOTICE OF RELATED CASES

DATED:  May 8, 2026                    FROST LLP


By:  _____
CHRISTOPHER FROST
BENJAMIN KASSIS
DAVID TIRATURYAN
Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

NOTICE OF RELATED CASES