CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04980-MCS-BFMx<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**PLAINTIFF NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Hearing Information:<br>Judge:   Hon. Mark C. Scarsi<br>Date:    August 24, 2026<br>Time:    9:00 a.m.<br>Crtrm.:  7C (7th Floor)<br><br>Action Filed:   May 8, 2026 |

175761.2

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL:**

**PLEASE TAKE NOTICE** that on August 24, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7C of the Felicitas and Gonzalo Mendez United States Courthouse, located at 350 W. First Street, Los Angeles, California 90012, Plaintiff Northern Light Medical Management, LLC ("NLMM") will and hereby does move for entry of default judgment against Defendants American Healthcare Systems Corp., Inc. ("AHS"); Waukegan Illinois Hospital Company, LLC, d.b.a. Vista Medical Center East ("Vista," and together with AHS, the "AHS Parties"); and Mike Sarian, individually and as Trustee of the Sarian Family Trust ("Sarian"), pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rules 55-1, 55-2, and 55-3.

Each Defendant was properly served with process and none has answered or otherwise appeared. The Clerk entered the default of Vista on June 29, 2026 (ECF No. 24) and the defaults of AHS and Sarian on July 1, 2026 (ECF No. 27). The well-pleaded allegations of the Complaint, admitted by default, together with the evidence submitted, establish the AHS Parties' liability for breach of the parties' Confidential Settlement Agreement and Mutual Release effective February 27, 2026 (the "Settlement Agreement"), as well as Sarian's liability for intentional interference with contractual relations.

NLMM seeks entry of judgment awarding: (i) compensatory damages of $300,000.00 against all Defendants, jointly and severally, subject to a single satisfaction; (ii) contractual interest against the AHS Parties, jointly and severally, of $7,808.05, computed at ten percent per annum on the unpaid balance from April 13, 2026 through July 16, 2026 (the date of the filing of this Motion), and accruing thereafter at $82.19 per day until entry of judgment; (iii) punitive damages of $265,358.28 against Sarian pursuant to California Civil Code section 3294; (iv) reasonable attorneys' fees of $43,351.00 against the AHS Parties, jointly and severally, pursuant to Sections 2.4(c) and 12 of the Settlement Agreement and Local

175761.2

1

Rule 55-3; (v) post-judgment interest pursuant to 28 U.S.C. § 1961 against all Defendants pursuant to 28 U.S.C. § 1961; and (vi) such other and further relief as the Court deems just and proper. NLMM will submit its costs of suit to the Clerk pursuant to Local Rule 54-2 following entry of judgment.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of David Tiraturyan and Mark Rabinovich and the exhibits attached thereto, the concurrently filed Notice and Request for Attorneys' Fees in Excess of the Local Rule 55-3 Schedule, the Notice of Claim for Punitive Damages and Statement of Total Damages Claimed by Default Judgment, the concurrently lodged Proposed Judgment, all pleadings, records, and files in this action, and any further argument or evidence that may be presented to or considered by the Court prior to its ruling.

The conference of counsel required by Local Rule 7-3 did not occur because no Defendant has appeared. Although notice of this Motion is not required under Rule 55(b)(2), NLMM has served this Motion and all supporting papers on each Defendant by mail, including notice of the amounts sought pursuant to Local Rule 55-2.

DATED: July 16, 2026

Respectfully submitted,

FROST LLP

By:     _/s/ David Tiraturyan_
CHRISTOPHER FROST
BENJAMIN KASSIS
DAVID TIRATURYAN
Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

175761.2

2