CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:26-cv-04980-MCS-BFMx <br><br> *Assigned to: Hon. Mark C. Scarsi* <br><br> **DECLARATION OF DAVID TIRATURYAN IN SUPPORT OF PLAINTIFF NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** <br><br> Hearing Information: <br> Judge:  Hon. Mark C. Scarsi <br> Date:    August 24, 2026 <br> Time:    9:00 a.m. <br> Crtrm.:  7C (7th Floor) <br><br> Action Filed:   May 8, 2026 |

178489.2

DECLARATION OF DAVID TIRATURYAN

## <u>DECLARATION OF DAVID TIRATURYAN</u>

I, David Tiraturyan, declare as follows:

1.     I am an attorney licensed to practice before this Court, and am an associate with the law firm of FROST LLP, attorneys of record herein for Plaintiff Northern Light Medical Management, LLC ("NLMM"). I have personal knowledge of the facts stated herein and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of NLMM's Motion for Entry of Default Judgment, filed concurrently herewith.

### The Prior Action and the Settlement Conference

2.     Before this action, I was one of the attorneys at FROST LLP principally responsible for the representation of NLMM in *Northern Light Medical Management, LLC v. American Healthcare Systems Corp., Inc.*, No. 2:25-cv-03643-MCS-BFMx (C.D. Cal.) (the "Prior Action"). NLMM filed that litigation in this Court on April 24, 2025 against Defendants American Healthcare Systems Corp., Inc. ("AHS") and Waukegan Illinois Hospital Company, LLC, d.b.a. Vista Medical Center East ("Vista," and together with AHS, the "AHS Parties"). A true and correct copy of the complaint in the Prior Action, which I obtained from the Court's CM/ECF system, is attached as **Exhibit 1**. As reflected in that complaint, NLMM sued on invoiced amounts of $940,358.28, plus additional amounts subject to an accounting.

3.     In the Prior Action, the Court issued an order to show cause regarding subject matter jurisdiction addressing NLMM's membership citizenship. NLMM responded to the order (Prior Action, ECF Nos. 36, 36-1), and the Court discharged it on August 12, 2025 (*id.*, ECF No. 49).

4.     On February 9, 2026, I personally attended a settlement conference in the Prior Action before Magistrate Judge Mircheff as counsel for NLMM. Defendant Mike Sarian ("Sarian") personally attended the conference as the AHS Parties' authorized representative. At the conclusion of the conference, the parties placed a binding settlement on the record, and I personally observed Sarian agree to its terms

on the record on the AHS Parties' behalf, including the AHS Parties' agreement to pay NLMM $675,000 in exchange for a release of NLMM's claims. (*See id.*, ECF No. 87.)

**The Settlement Agreement**

5.    The settlement was memorialized in the Confidential Settlement Agreement and Mutual Release, effective February 27, 2026 (the "Settlement Agreement"). A true and correct copy of the executed Settlement Agreement, which FROST LLP negotiated on NLMM's behalf and maintains in its files, is attached hereto as **Exhibit 2** and is cited in the accompanying Memorandum as "Agreement." The same document is attached as Exhibit A to the Complaint. (ECF No. 1-1.) Sarian executed the agreement on behalf of each of the AHS Parties. (Agreement at 9.)

6.    Under Section 2.2 of the Settlement Agreement, the AHS Parties' settlement payments were required to be made "via wire transfer to the Client Trust Account of FROST LLP," in accordance with wire instructions attached to the agreement. FROST LLP maintains records of its client trust account in the ordinary course of its business. As the attorney principally responsible for this matter, I have access to those records, and I have personally reviewed them through the date of this Declaration.

**The AHS Parties' Payment and Defaults Under the Settlement Agreement**

7.    Under Section 2.1 of the Settlement Agreement, the first installment of $375,000 was due by March 1, 2026, which fell on a Sunday. On February 27, 2026, the AHS Parties' counsel, Varand Gourjian, asked me by email to confirm that NLMM was "ok with the initial wire going out on Monday," and I confirmed NLMM's agreement by email the same day. A true and correct copy of the parties' counsel's email correspondence concerning the Settlement Agreement, from February 27, 2026 through April 1, 2026, redacted to remove wire transfer account information, is attached hereto as **Exhibit 3**.

178489.2

2

DECLARATION OF DAVID TIRATURYAN

8.    The AHS Parties did not pay the first installment by the extended March 2, 2026 deadline. That morning, in response to my inquiry regarding the executed agreement and the first payment, Mr. Gourjian represented that "[b]oth should be headed your way today." (Ex. 3 at 9.) Neither arrived that day; thus, that same day, March 2, 2026, I prepared and served a written notice of default (the "March 2 Notice") on the AHS Parties' counsel, Mr. Gourjian and Armen Papazian, by email. True and correct copies of that email transmission and the March 2 Notice are attached hereto as **Exhibits 4 and 5**. The March 2 Notice is also attached as Exhibit B to the Complaint. (ECF No. 1-2.)

9.    The March 2 Notice advised that, absent timely cure, NLMM intended to exercise all available rights and remedies under the Settlement Agreement, including acceleration of the entire unpaid balance, entry of judgment, accrued interest, and attorneys' fees.

10.    On March 12, 2026, the final day of the ten-day cure period, Mr. Gourjian requested by telephone a one-day grace period for the first installment, which NLMM granted. I confirmed the grace period by email that evening and advised that if the wire did not go out the next day, NLMM would move *ex parte* for an order vacating the dismissal, enforcing the Settlement Agreement in full, and for sanctions and fees. (Ex. 3 at 7.) On March 13, 2026, Mr. Gourjian transmitted the fully executed Settlement Agreement and stated that he expected wire confirmation shortly, and FROST LLP's client trust account received the first installment of $375,000 by wire transfer that day. (*Id.* at 4–7.)

11.    On March 27, 2026, in reliance on that payment and the AHS Parties' remaining payment obligations, NLMM stipulated to the dismissal of the Prior Action with prejudice. True and correct copies of the stipulation and Court's order of dismissal are attached hereto as **Exhibits 6 and 7**. (Prior Action, ECF Nos. 90, 91.)

12.    The Settlement Agreement required the AHS Parties to pay the second installment of $100,000 by or before April 1, 2026. Based on my personal handling

of this matter and my review of FROST LLP's client trust account records, no payment was received by that date.

13. On April 2, 2026, I prepared and served a second written notice of default (the "April 2 Notice") on the AHS Parties' counsel by email. True and correct copies of my email transmission and the April 2 Notice are attached hereto as **Exhibits 8 and 9**. The April 2 Notice is also attached as Exhibit C to the Complaint. (ECF No. 1-3.)

14. The April 2 Notice stated that the AHS Parties had ten calendar days from receipt to cure the default by remitting the full second installment, and that if the default was not timely cured, "NLMM intends to exercise all rights and remedies available under the Agreement, including without limitation, seeking entry of judgment in the amount of the unpaid balance, plus accrued interest and attorneys' fees and costs."

15. The ten-day cure period lapsed on April 12, 2026. During that period, neither NLMM nor FROST LLP received any payment, and the AHS Parties made no request for relief from the deadline. Thus, because the AHS Parties did not cure their default within 10 days of receiving the April 2 Notice, under Section 2.4 of the Settlement Agreement, the unpaid balance of $300,000 accelerated and became immediately due on April 13, 2026.

16. Based on my personal handling of this matter, my review of FROST LLP's client trust account records, and my communications with personnel at NLMM responsible for its finances, neither FROST LLP nor NLMM has received any payment under the Settlement Agreement apart from the $375,000 first installment the AHS Parties paid on March 13, 2026. In particular, and through the date of this Declaration, neither FROST LLP nor NLMM has received any payment toward the second installment, the accelerated balance, the accrued interest, or the attorneys' fees and costs incurred by NLMM in prosecuting this action, and no representative or

178489.2

4

DECLARATION OF DAVID TIRATURYAN

counsel for any Defendant in this action has represented that any such payment has been made.

## This Lawsuit and Service of Process

17.    NLMM commenced this action on May 8, 2026, filing the Complaint, case-initiating documents, and Notice of Related Cases. (ECF Nos. 1–6.) On May 21, 2026, the Clerk issued the summons for each named Defendant. (ECF Nos. 14–16.)

18.    Vista was served with process in conformity with Federal Rule of Civil Procedure 4(h)(1)(B). On May 28, 2026, a process server retained by NLMM personally delivered copies of the Summons, Complaint, and accompanying case-initiating documents to a person authorized to accept service on behalf of Vista's registered agent for service of process, CT Corporation System, at its offices at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. NLMM filed the Proof of Service for Vista on June 5, 2026. (ECF No. 21.) A true and correct copy of that Proof of Service is attached hereto as **Exhibit 10**.

19.    AHS was served by substituted service in conformity with Federal Rule of Civil Procedure 4(h)(1)(A) and 4(e)(1), which authorize service upon a corporation in the manner prescribed by the law of the state where the district court is located, and California Code of Civil Procedure section 415.20(a). On May 27, 2026, a registered California process server retained by NLMM left copies of the Summons, Complaint, and accompanying case-initiating documents with a person apparently in charge, at least eighteen years of age, at AHS's office (and also the office of AHS's agent for service of process), located at 505 North Brand Boulevard, Suite 1200, Glendale, California 91203, and informed that person of the general nature of the papers. Copies were thereafter mailed by first-class mail, postage prepaid, on May 27, 2026, addressed to AHS at the same address to the attention of its registered agent, Mike Sarian. NLMM filed the Proof of Service for AHS on May 29, 2026. (ECF No. 19.) A true and correct copy of that Proof of Service is attached hereto as **Exhibit 11**.

178489.2

5

DECLARATION OF DAVID TIRATURYAN

20.     Sarian was served in conformity with Federal Rule of Civil Procedure 4(e)(2)(B). On May 28, 2026, a registered California process server retained by NLMM left copies of the Summons, Complaint, and accompanying case-initiating documents at Sarian's residence in Glendale, California, with a person of suitable age and discretion who resides there, and copies were also mailed to Sarian at the same address on May 28, 2026. Based on my investigation, including my review of public records, the address at which service was made is Sarian's dwelling house or usual place of abode. NLMM filed the Proof of Service for Sarian on May 29, 2026. (ECF No. 20.) A true and correct copy of that Proof of Service is attached hereto as **Exhibit 12**.

21.     On May 8, 2026, the day NLMM filed the Complaint, I emailed Messrs. Papazian and Gourjian copies of the Complaint and the Notice of Related Cases and asked whether they were authorized to accept service of process on behalf of the defendants. On May 27, 2026, I followed up and asked them to confirm whether they represented AHS, Vista, and Sarian in this matter and, if so, whether they were authorized to accept service. That same day, Mr. Papazian responded that he would "contact the clients and ask if we can accept service of this new matter on their behalf" and that he would get back to me as soon as possible. Neither Mr. Papazian nor Mr. Gourjian has communicated with me since. A true and correct copy of this email correspondence is attached as **Exhibit 13**.

### Defendants' Defaults and Compliance with Local Rule 55-1

22.     Vista's and Sarian's deadline to respond to the Complaint was June 18, 2026, *i.e.*, twenty-one days after service. For AHS, service was deemed complete on June 6, 2026 under California Code of Civil Procedure section 415.20, and because the twenty-first day thereafter fell on Saturday, June 27, 2026, AHS's deadline was the following business day, Monday, June 29, 2026. Thus, each Defendant's deadline to respond to the Complaint has passed.

178489.2

6

DECLARATION OF DAVID TIRATURYAN

23.    As of the date of this Declaration, no Defendant has answered the Complaint, filed any motion directed to the Complaint under Federal Rule of Civil Procedure 12, or otherwise appeared or responded in this action. No attorney has appeared in this action on any Defendant's behalf.

24.    Neither any Defendant nor anyone acting on a Defendant's behalf has contacted me or anyone else at my office to request an extension of time to respond to the Complaint, to accept or acknowledge service, or to serve any paper in this action, and NLMM has not agreed to any extension of any Defendant's time to respond.

25.    On NLMM's applications, the Clerk entered the default of Vista on June 29, 2026 (ECF No. 24) and the defaults of AHS and Sarian, individually and as Trustee of the Sarian Family Trust, on July 1, 2026 (ECF No. 27). Each default was entered on the Complaint. True and correct copies of the Clerk's entries of default are attached hereto as **Exhibits 14 and 15**.

26.    No Defendant is a minor or an incompetent person because AHS is a corporation and Vista is a limited liability company. Also, based on, among other things, my personal observation of him at the February 9, 2026 settlement conference, Sarian is an adult individual, and nothing from my observations or in the record of this matter or in the Prior Action indicates that he is incompetent.

27.    The Servicemembers Civil Relief Act does not apply. On July 14, 2026, I obtained a certificate and Affidavit from Alyssa Rice of the Servicemembers Civil Relief Act Centralized Verification Service confirming that Sarian is not in the military service of the United States as defined in 50 U.S.C. § 3911. A true and correct copy of that certificate is attached hereto as **Exhibit 16**. AHS and Vista are entities to which the Act does not apply.

**Sarian's Sworn Testimony and Public Statements**

28.    Attached hereto as **Exhibit 17** is a true and correct copy of the Declaration of Mike Sarian, filed February 24, 2026 in *Sarian v. Paronyan*, No.

178489.2

7

DECLARATION OF DAVID TIRATURYAN

26STCV05675 (Cal. Super. Ct. L.A. Cnty.), which I obtained from the records of the Los Angeles Superior Court. In that declaration, Sarian testified under penalty of perjury that, among other things, he formed Healthcare Systems of America Corp. ("HSA") in September 2024 as a "vehicle to continue acquiring hospitals" outside AHS; that he "personally guaranteed material acquisition debt" for AHS and its affiliated companies; that he owns 51% of AHS, 100% of HSA, and 60% of NOR Healthcare Systems Corp.; and that he was funding "24-hour personal security at an exorbitant cost." (Ex. 17 ¶¶ 6, 7, 18, 20.)

29.    Sarian maintains a public account on the social media platform Facebook. The profile photographs on that account depict the same individual I personally observed at the February 9, 2026 settlement conference, and the account identifies its holder as AHS's chief executive officer. On July 13, 2026, I reviewed the account and its publicly visible posts. Attached hereto as **Exhibits 18 through 20** are true and correct copies of posts I captured directly from that public account during that review, none of which has been altered.

30.    During that review, I also personally observed posts published by the account depicting Sarian's travel and lifestyle, including posts published in September 2025 containing photographs depicting private jet travel and a luxury hotel stay in Miami Beach, and a photograph published on June 2, 2026 depicting Sarian at a black-tie event.

31.    Attached hereto as **Exhibit 18** is a true and correct copy of a post published by Sarian's Facebook account on May 11, 2026, three days after NLMM commenced this action, in which Sarian described himself as "one of the top healthcare CEOs" in the country and "the biggest philanthropist in our community," stated that he has "given to many charities than anyone in the city of Glendale," sent "upwards of millions of Charity Medical Equipments [*sic*] to many hospitals in Armenia," and given "many millions in charity donations here in US to schools,

178489.2

8

DECLARATION OF DAVID TIRATURYAN

churches and many worth organizations," and declared that he "earned every penny of [his] net worth with hard work and lifetime dedication."

32.    Attached hereto as **Exhibit 19** is a true and correct copy of a post published by Sarian's Facebook account on January 22, 2023, in which Sarian stated that he had donated $20 million in medical equipment to hospitals overseas.

33.    Attached hereto as **Exhibit 20** is a true and correct copy of a post published by Sarian's Facebook account on October 12, 2021, in which Sarian stated: "[o]ver a two year period I sent over $15 million dollars of medical equipment and supplies to Armenia."

## Computation of Interest

34.    Under Section 2.4(b) of the Settlement Agreement, interest accrues on the unpaid balance at ten percent per annum from the first day following expiration of the cure period. Ten percent per annum on the $300,000 accelerated balance is $30,000 per year, or $82.19 per day.[1] From and including April 13, 2026 through July 16, 2026, the date on which NLMM filed the Motion, is 95 days, and accrued contractual interest through that date is therefore $7,808.05.

## Attorneys' Fees and Costs

35.    FROST LLP has represented NLMM in this action since its inception. The timekeepers principally responsible for this matter are Benjamin Kassis, Matthew Aghaian, and me.

36.    I am a member of the State Bar of California in good standing and have practiced civil and commercial litigation in Los Angeles since my admission in 2023. My practice focuses on intellectual property, antitrust, and commercial litigation generally, in state and federal courts at the trial and appellate levels, as well as in arbitration. I represent companies and individuals across a range of industries, including multimedia, entertainment, gaming, real estate, energy, technology,

---

[1] ($300,000 × 0.10) ÷ 365 = $82.19

178489.2

9

DECLARATION OF DAVID TIRATURYAN

logistics, healthcare, and hospitality, as well as in matters involving municipal and public utility entities. My hourly rate is $625, which is at or below the prevailing rate for similarly qualified attorneys in Los Angeles and is therefore reasonable.

37.    Benjamin Kassis is a member of the State Bar of California in good standing and has practiced civil and commercial litigation in Los Angeles since his admission in 2014. Mr. Kassis is the co-managing partner of FROST LLP's Los Angeles office, and before joining the firm he practiced litigation at Milbank LLP and Eisner, LLP. His practice primarily focuses on complex business, intellectual property, entertainment, and real estate litigation in state and federal court and in arbitration. Mr. Kassis's hourly rate is $1,035, which is at or below the prevailing rate for similarly qualified partners in Los Angeles and is therefore reasonable.

38.    Matthew Aghaian is a member of the State Bar of California in good standing and has practiced civil and commercial litigation in Los Angeles since his admission in 2025. His practice focuses on commercial litigation in state and federal courts, where he represents individuals and companies in industries such as technology, entertainment, gaming, real estate, and public utilities. Mr. Aghaian's hourly rate is $450, which is at or below the prevailing rate for similarly qualified associates in Los Angeles and is therefore reasonable.

39.    FROST LLP records attorney time in this matter contemporaneously, in the ordinary course of the firm's business, in its timekeeping system. I have personally reviewed the firm's billing records for this matter. The work reflected in those records was staffed and performed efficiently because the matter was handled principally by associates, with partner involvement limited to strategy and supervision, and time that was duplicative or unnecessary was written off and not billed to NLMM.

40.    Attached hereto as **Exhibits 21 and 22** are summary schedules I prepared from those records, setting forth the fees incurred by task category and by timekeeper, respectively, in the format contemplated by the Court's Initial Standing Order.

178489.2

10

DECLARATION OF DAVID TIRATURYAN

41.     Through July 16, 2026, NLMM has incurred $43,351.00 in attorneys' fees in this action, reflecting 76.6 hours of work at the rates stated above. In the exercise of billing judgment, FROST LLP wrote off approximately 20 additional hours, which are excluded from that total.

42.     I am familiar with the hourly rates charged by attorneys of comparable skill, experience, and reputation for complex commercial litigation in this District, based on my own practice at FROST LLP, my review of fee applications and fee awards in this District, and my review of surveys of prevailing legal rates. Based on that familiarity, the hourly rates charged by the FROST LLP timekeepers on this matter, set forth above, are at or below the prevailing market rates charged by comparably qualified attorneys for similar work in this District.

43.     NLMM has also incurred costs in this action, including the Court's filing fee and process server charges, which NLMM will submit to the Clerk by application under Local Rule 54-2 following entry of judgment.

### Notice of Amounts Sought

44.     On July 16, 2026, I caused the Motion and all supporting papers, including the concurrently filed Request for Attorneys' Fees in Excess of the Local Rule 55-3 Schedule, Notice of Claim for Punitive Damages and Statement of Total Damages, and Proposed Judgment, as well as the Clerk's entries of default, to be served on each Defendant by mail at the address at which that Defendant was served with process. Those papers state each amount NLMM seeks through judgment, including $300,000.00 in compensatory damages, contractual interest of $7,808.05 through July 16, 2026 plus $82.19 per day thereafter, $265,358.28 in punitive damages against Sarian, $43,351.00 in attorneys' fees against the AHS Parties, costs of suit to be submitted to the Clerk under Local Rule 54-2, and post-judgment interest under 28 U.S.C. § 1961.

178489.2

11

DECLARATION OF DAVID TIRATURYAN

**Compliance with Local Rule 7-3**

45.    No conference of counsel under Local Rule 7-3 preceded this Motion because no Defendant has appeared in this action and no attorney has appeared on any Defendant's behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of July, 2026, at Los Angeles, California.

_____
David Tiraturyan

178489.2

12

DECLARATION OF DAVID TIRATURYAN