UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-04980-MCS-BFM** | Date | August 3, 2026 |
| Title | ***N. Light Med. Mgmt., LLC v. Am. Healthcare Sys. Corp., Inc.*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: BRIEFING OF DEFAULT ISSUES (ECF No. 28)**

Plaintiff Northern Light Medical Management, LLC, moves for default judgment against Defendants American Healthcare Systems Corp., Inc.; Waukegan Illinois Hospital Company, LLC, doing business as Vista Medical Center East; and Mike Sarian, individually and as Trustee of the Sarian Family Trust. (Mot., ECF No. 28.) Defendants filed a brief opposing the motion in which they request that the Court set aside their default. (Opp'n, ECF No. 31.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for August 24, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Parties cannot request affirmative relief through an opposition brief, *see* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 U.S. Dist. LEXIS 228465, at *42 (C.D. Cal. Aug. 4, 2020) (collecting cases for the proposition that "a request for affirmative relief is not proper when raised for the first time in an opposition"), and Defendants cannot oppose the motion or otherwise defend themselves except to seek relief from the default, *Daniels v. Orange Cnty. Sheriff's Dep't*, No. 8:24-cv-02626-SSS (MAR), 2026 U.S. Dist. LEXIS 68377, at *7 (C.D. Cal. Mar. 30, 2026) ("Entry of default cuts off the defendant's right to appear in the

action; the court clerk cannot accept any papers from the defendant other than a motion for relief from the default." (internal quotation marks omitted)), *R. & R. adopted*, 2026 U.S. Dist. LEXIS 113209 (C.D. Cal. May 21, 2026). In the interest of judicial economy, the Court construes Defendants' filing as a motion to set aside the default. The Court orders further briefing as follows:

By August 10, 2026, Plaintiff shall file a combined response to Defendants' motion to set aside the default and, if Plaintiff opposes Defendants' motion, a reply in support of its motion for default judgment. By August 17, 2026, Defendants may file a reply in support of their motion to set aside the default. Alternatively, the parties may file a stipulation to set aside the default and withdraw the motion for default judgment by August 10, 2026. The parties also may stipulate for an order referring them to alternative dispute resolution and staying further proceedings in this case for up to 90 days pending completion of alternative dispute resolution procedures.

**IT IS SO ORDERED.**