CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04980-MCS-BFMx<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**PLAINTIFF NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKE SARIAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>**[Re: ECF No. 31-1]**<br><br>Action Filed:   May 8, 2026 |

192332.1

EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKE SARIAN

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff Northern Light Medical Management, LLC ("NLMM") hereby submits the following evidentiary objections to the Declaration of Mike Sarian (ECF No. 31-1) filed in support of Defendants American Healthcare Systems Corp., Inc. ("AHS"), Waukegan Illinois Hospital Company, LLC d.b.a. Vista Medical Center East ("Vista"), and Mike Sarian's Opposition to NLMM's Motion for Entry of Default Judgment (ECF No. 31).

| DECLARATION OF MIKE SARIAN | OBJECTION | RULING |
|---|---|---|
| Sarian Decl. ¶ 2 (2:12):<br><br>I was not personally served with the Summons and Complaint in this action and did not receive copies by mail. | 1. Improper legal conclusion. Whether service was effected is a legal question; the declarant may testify only to what he did or did not receive. Fed. R. Evid. 701; C.D. Cal. R. 7-7 (incorporating Fed. R. Civ. P. 56(c)(4)); *see In re Subpoena of Internet Subscribers of Cox Commc'ns, LLC*, 148 F.4th 1056, 1068–69 (9th Cir. 2025) ("A declaration is conclusory if it 'do[es] not affirmatively show personal knowledge of specific facts,' ... or if it 'state[s] only conclusions, and not such facts as would be admissible in evidence,'" (internal citations omitted)). | 1. Sustained / Overruled |

192332.1

1

EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKE SARIAN

| DECLARATION OF MIKE SARIAN | OBJECTION | RULING |
|---|---|---|
| Sarian Decl. ¶ 4 (2:18–19):<br><br>With respect to AHS, neither I nor, <u>to my knowledge, any AHS officer or employee responsible for legal matters received the Summons and Complaint</u> from the building security guard identified in Plaintiff's proof of service. | 2. Lacks personal knowledge and speculation as to what any other AHS officer or employee received. Fed. R. Evid. 602; *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001).<br><br>Hearsay to the extent based on statements of others. Fed. R. Evid. 802. | 2. Sustained / Overruled |
| Sarian Decl. ¶ 4 (2:19–20):<br><br>With respect to AHS, <u>neither I nor, to my knowledge, any AHS officer or employee responsible for legal matters received the Summons and Complaint from the building security guard</u> identified in Plaintiff's proof of service. | 3. Lacks foundation and personal knowledge, and assumes facts not in evidence, as to the characterization of the recipient as a "building security guard," whom the proof of service identifies as "Person in Charge." Fed. R. Evid. 602. | 3. Sustained / Overruled |
| Sarian Decl. ¶ 5 (2:22–24):<br><br>With respect to Vista, although Plaintiff's proof of service reflects delivery to Vista's registered agent, the Summons and Complaint were not transmitted to or received by me <u>or, to my knowledge, by the Vista personnel responsible for responding to litigation</u>. | 4. Lacks personal knowledge and speculation as to what Vista personnel received. Fed. R. Evid. 602; *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001).<br><br>Hearsay to the extent based on statements of others. Fed. R. Evid. 802. | 4. Sustained / Overruled |

192332.1

2

EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKE SARIAN

| DECLARATION OF MIKE SARIAN | OBJECTION | RULING |
|---|---|---|
| Sarian Decl. ¶ 6 (2:25):<br><br><u>Defendants therefore did not intentionally fail to respond to the Complaint.</u> | 5. Improper legal conclusion and improper lay opinion. This assertion draws an inference about Defendants' intent from the preceding paragraphs and does not report anything the declarant perceived. The assertion is also a legal conclusion because the declarant states that Defendants did not "intentionally fail to respond," which is the governing standard for culpable conduct under Rule 55(c). Fed. R. Evid. 701; C.D. Cal. R. 7-7 (incorporating Fed. R. Civ. P. 56(c)(4)); *see also F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient ….").<br><br>Lacks personal knowledge as to the intent of AHS, Vista, and their personnel. Fed. R. Evid. 602; *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001). | 5. Sustained / Overruled |

EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKE SARIAN

| DECLARATION OF MIKE SARIAN | OBJECTION | RULING |
|---|---|---|
| Sarian Decl. ¶ 10 (3:9–10):<br><br>Defendants did not make a deliberate decision to ignore this action, delay the proceedings, or obtain any tactical advantage by failing to respond. | 6. Improper legal conclusion tracking the standard for culpable conduct, and improper lay opinion. Fed. R. Evid. 701; C.D. Cal. R. 7-7 (incorporating Fed. R. Civ. P. 56(c)(4)); *see also Publ'g Clearing House*, 104 F.3d at 1171 ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient….").<br><br>Lacks personal knowledge as to the intent of AHS, Vista, and their personnel. Fed. R. Evid. 602; *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001). | 6. Sustained / Overruled |

DATED:  August 10, 2026

Respectfully submitted,

FROST LLP


By: _____ */s/ David Tiraturyan*
CHRISTOPHER FROST
BENJAMIN KASSIS
DAVID TIRATURYAN
Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC