Varand Gourjian, Esq. (SBN 205344)
Email: varand@gourjianlaw.com;
Armen F. Papazian, Esq. (SBN 209989), *Of counsel*
Email: armen@papazianlawfirm.com
Alec Galustian, Esq. (SBN 360045)
Email: Alec@gourjianlaw.com
**GOURJIAN LAW GROUP, P.C.**
101 N. Brand Blvd., Suite 1220
Glendale, California 91203
Telephone: (818) 956-0100

Attorneys for Defendants: AMERICAN HEALTHCARE SYSTEMS CORP., INC.;WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a VISTA MEDICAL CENTER EAST; and MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIAWESTERN DIVISION

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,

Plaintiff,

vs.

AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 2:26-cv-04980-MCS-BFMx

*Assigned for all purposes to Hon. Mark C. Scarsi*

Action Filed: May 8, 2026

**DEFENDANTS' REPLY TO PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' REQUEST TO SET ASIDE DEFAULTS**

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL:**

Defendants AMERICAN HEALTHCARE SYSTEMS CORP., INC. (“AHS”), WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST (“Vista”), and MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST (“Sarian”) (hereinafter collectively referred to as the “Defendants”), by and through their undersigned counsel, respectfully submit this Reply in support of their request to set aside the Clerk’s defaults.

This Reply is based on this Memorandum of Points and Authorities, the Supplemental Declaration of Mike Sarian, the pleadings and records on file in this action, and any additional argument or evidence the Court may consider.

DATED: August 24, 2026

Respectfully submitted,

**GOURJIAN LAW GROUP, P.C.**

/s/ Varand Gourjian
Varand Gourjian, Esq.
*Attorneys for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Response does not establish the type of culpable conduct necessary to deny relief under Rule 55(c). The record instead shows three materially different service circumstances: the purported service on Mike Sarian depends on an unidentified person incorrectly described as his deceased mother; AHS's papers were left with building security at a multi-tenant property; and Vista's papers, although delivered to its registered agent, did not reach the personnel responsible for responding to litigation. Once Defendants actually learned that defaults had been entered, they promptly retained counsel to appear and defend this action.

Plaintiff also overstates the absence of any merits dispute. At minimum, substantial issues exist concerning Sarian's individual liability, Plaintiff's request for $265,358.28 in punitive damages, and the scope and amount of the relief sought through default, including Plaintiff's substantial attorney-fee request. Defendants do not seek to avoid adjudication. They seek the opportunity to answer and have these issues decided through the ordinary adversarial process.

Because Defendants did not intentionally disregard this action, Plaintiff will suffer no cognizable prejudice from proceeding on the merits, and substantial issues remain concerning the judgment Plaintiff seeks, the Clerk's defaults should be set aside.

## II. THE PROCEDURAL OBJECTIONS DO NOT WARRANT DENIAL OF RULE 55(c) RELIEF

Plaintiff first argues that Defendants improperly sought affirmative relief through an opposition and failed to comply with Local Rule 7-3. Defendants acknowledge that their request to set aside the defaults was not presented through a separately noticed motion. The Court, however, already addressed that procedural issue and expressly construed Defendants' Opposition as a motion to set aside the defaults in the interest of

judicial economy.

The Court then directed Plaintiff to file a combined response to the Rule 55(c) request. Plaintiff has now submitted a comprehensive response addressing the Rule 55(c) factors on the merits. The procedural issue therefore provides no reason to resolve this case by default rather than on its merits.

Particularly at the entry-of-default stage, Rule 55(c) should be applied with the Ninth Circuit's strong preference for adjudication on the merits in mind. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091–92 (9th Cir. 2010).

## III. DEFAULT JUDGMENT SHOULD BE DENIED

### a. The Purported Service as to Sarian is Materially Unreliable.

Plaintiff argues that service on Sarian was effective under Federal Rule of Civil Procedure 4(e)(2)(B) because the process server purportedly left the Summons and Complaint at his dwelling with a person identified as his "Mother" and "Co-Occupant." The factual premise of that return is wrong.

As set forth in Sarian's Supplemental Declaration, his mother passed away in January 2026, approximately four months before the claimed May 28, 2026 service. She therefore could not have been the person who accepted the papers, could not have been residing at the property as Sarian's co-occupant, and could not have transmitted the papers to him. At the time of the purported service, the only persons residing at Sarian's residence were Sarian and his 16-year-old daughter. (Supp. Sarian Decl. ¶¶ 3–5.) The proof of service does not identify the alleged recipient by name or otherwise establish who the individual was.

This is materially different from the "bare denial of receipt" Plaintiff attributes to Defendants. Plaintiff relies heavily on the proposition that Sarian never denied that his mother resided at the address or received the papers. The supplemental evidence

establishes exactly that: Sarian's mother had passed away, and the only persons residing at the residence were Sarian and his 16-year-old daughter. (Supp. Sarian Decl. ¶¶ 4–5.) The person identified by the process server as satisfying Rule 4(e)(2)(B) therefore could not have been Sarian's mother. Sarian also previously testified that he did not receive the Summons and Complaint from the unidentified "Jane Doe" and was not made aware that legal papers had been delivered for him, and he confirms that he did not receive the papers by mail before default. (Sarian Decl. ¶¶ 2–3; Supp. Sarian Decl. ¶ 6.) The record therefore does not support a finding that Sarian knowingly allowed a default to occur.

**b. AHS Did Not Intentionally Disregard this Action.**

The service circumstances concerning AHS likewise do not support a finding of intentional default. Plaintiff's proof states that the papers were left with "Sam Mard, Security, Person in Charge" at 505 North Brand Boulevard. Sarian confirms that the building is multi-tenant, that Mard was building security stationed in the common lobby rather than within AHS's office, that Mard was not an AHS employee, officer, receptionist, or agent, and that AHS did not authorize him to accept service on its behalf. (Supp. Sarian Decl. ¶ 7.) Sarian further confirms that Mard never provided him with the Summons and Complaint or otherwise informed him that legal papers had been delivered for AHS. (*Id.*)

Once Sarian became aware that the action had been filed and defaults had been entered, he promptly authorized counsel to appear and defend the case. (Supp. Sarian Decl. ¶ 10.) Sarian further confirms that he did not direct or authorize AHS to ignore the lawsuit or permit a default to be entered. (*Id.* ¶ 9.) That conduct is inconsistent with an effort to manipulate the proceedings or obtain a tactical advantage.

**c. Vista's Default Was Inadvertent.**

Vista does not dispute that the Summons and Complaint were delivered to CT Corporation. The issue under Rule 55(c), however, is whether Vista intentionally failed

to respond.

Although CT Corporation received the papers, they did not reach Sarian before default was entered, and before learning of the defaults no one informed him that Vista had been served. (Supp. Sarian Decl. ¶ 8.) Sarian further states that he did not direct or authorize Vista to ignore the lawsuit or permit a default to be entered and, once he learned of the action and defaults, promptly authorized counsel to appear and defend. (*Id*. ¶¶ 9–10.) Thus, Plaintiff's authorities concerning the legal effectiveness of service on a registered agent do not resolve the culpability inquiry. At most, the record reflects a breakdown in transmission after service on CT Corporation, not a deliberate decision by Vista to disregard the litigation.

**d. Plaintiff's Communications with Prior Counsel Do Not Establish Culpability**

Plaintiff's communications with counsel from the prior action do not establish culpability. Plaintiff asked whether counsel was authorized to accept service, and counsel responded only that he would contact the clients and determine whether such authority existed. No acceptance followed. Sarian confirms that, before learning of the defaults, he had not authorized counsel from the prior action to accept service on his behalf or on behalf of AHS or Vista. (Supp. Sarian Decl. ¶ 11.) The fact that prior counsel received an electronic copy of the Complaint does not establish that Defendants were served, received actual notice, or deliberately chose not to respond.

The relevant inquiry under *Mesle* is intentional conduct, not whether Plaintiff can identify some route by which information concerning the lawsuit theoretically could have reached Defendants.

## IV. DEFENDANTS HAVE MERITORIOUS DEFENSES TO PLAINTIFF'S CLAIMS FOR INDIVIDUAL LIABILITY AND PUNITIVE DAMAGES

Plaintiff's assertion that Defendants lack a meritorious defense is undermined by

the Ninth Circuit's recent decision in *Multiple Energy Technologies, LLC v. Casden*, No. 24-4691 (9th Cir. July 30, 2026), issued after Plaintiff filed its motion. *Casden*, an opinion designated for publication, applies California law to a materially similar tortious-interference claim against a corporate CEO arising from a settlement agreement.

In *Casden*, the Ninth Circuit held that a corporate officer acting on behalf of the corporation ordinarily cannot be liable for inducing the corporation's breach merely because the officer also receives an "individual advantage." Liability may arise only where the officer acts outside the agency relationship, such as for his own benefit at the corporation's expense. *Id.*, slip op. at 9–12, 16–17. Here, Plaintiff has not identified diverted funds, a transfer to Sarian, or other evidence showing that he acted outside his corporate role. At minimum, *Casden* establishes a substantial merits defense to Plaintiff's individual tort claim.

Plaintiff's request for $265,358.28 in punitive damages is independently disputed. A breach of a commercial settlement, even if deliberate, does not without more establish by clear and convincing evidence the oppression, fraud, or malice required by California Civil Code section 3294. And if Sarian is immune from the underlying tort claim under *Casden*, there is no independent basis for punitive damages arising from that claim.

Even assuming punitive damages were otherwise available, Plaintiff has not established Sarian's financial condition as required by *Adams v. Murakami*, 54 Cal. 3d 105, 119–123 (1991). Plaintiff relies largely on social-media statements, purported charitable donations, ownership interests, and photographs depicting private-jet travel, luxury hotels, and formal events, rather than competent evidence of Defendant's net worth or actual ability to pay.

Social-media portrayals of wealth and generalized ownership interests are not a substitute for evidence from which the Court can determine Sarian's actual financial condition and whether the punitive award sought is proportionate. Plaintiff provides no

balance sheet, income statement, tax return, bank record, valuation of Sarian's ownership interests, evidence of liabilities, or reliable net-worth calculation. These deficiencies, together with *Casden*, demonstrate a genuine possibility that adjudication on the merits would produce a materially different result and therefore satisfy Rule 55(c)'s meritorious defense requirement.

Accordingly, there is plainly a possibility that adjudication on the merits would produce a materially different result from the default judgment Plaintiff seeks. The Ninth Circuit's intervening decision in *Casden*, designated for publication, together with the substantial dispute concerning Sarian's individual liability and Plaintiff's deficient punitive-damages showing, more than satisfies Rule 55(c)'s meritorious-defense requirement.

## V. PLAINTIFF HAS NOT SHOWN LEGALLY COGNIZABLE PREJUDICE

Plaintiff does not identify the type of tangible prejudice ordinarily necessary to justify preserving a default. No evidence has been lost. No witness has become unavailable. Discovery has not become materially more difficult. Plaintiff's ability to pursue the alleged settlement balance has not been impaired. Plaintiff may still litigate its contract claim, seek interest authorized by the agreement, and pursue recoverable attorney's fees.

Plaintiff instead argues that delay creates a potential risk concerning collection because Defendants allegedly remain in control of assets. But speculation that assets might someday become more difficult to collect is not evidence that Defendants have transferred, hidden, dissipated, or encumbered assets because of this brief period of default.

Setting aside the defaults simply requires Plaintiff to prove its claims and damages through adversarial proceedings, which is not cognizable prejudice under Rule 55(c). *See Mesle,* 615 F.3d at 1095. Plaintiff's prior dismissal does not alter that analysis; it

retains the Settlement Agreement and this action through which to enforce it.

**VI. PLAINTIFF'S EVIDENTIARY OBJECTIONS DO NOT ALTER THE RESULT**

Plaintiff's objections do not eliminate Sarian's firsthand testimony concerning whether he personally received the Summons and Complaint, when he learned of this action and the defaults, or whether he intentionally allowed the defaults to occur. (Sarian Decl. ¶¶ 2–3, 7, 10; Supp. Sarian Decl. ¶¶ 6, 9–12.) The Supplemental Declaration also provides additional foundation concerning the purported service on Sarian, including his mother's death and the actual occupants of the residence at the time of the purported service. (Supp. Sarian Decl. ¶¶ 3–5.) To the extent Plaintiff objects to Sarian testifying broadly about what other corporate personnel received, the Court need not rely on those portions of his testimony to find good cause under Rule 55(c).

**VII. CONCLUSION**

The record does not establish intentional default. Defendants acted promptly once they learned of the defaults, Plaintiff identifies no cognizable prejudice, and material disputes remain concerning Sarian's liability, punitive damages, and the amount of judgment sought.

Defendants respectfully request that the Court set aside the Clerk's defaults, deny Plaintiff's Motion for Entry of Default Judgment, and permit Defendants to answer.

DATED: August 24, 2026

Respectfully submitted,

**GOURJIAN LAW GROUP, P.C.**

/s/ Varand Gourjian

Varand Gourjian, Esq.
*Attorneys for Defendants*

STATE OF CALIFORNIA ) ss.:

COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 101 N. Brand Blvd., Suite 1220, Glendale, CA 91203. I caused copies of the document to be sent from e-mail address ivette@gourjianlaw.com to the persons at the e-email addresses listed below.

On August 24, 2026, I served on interested parties the following document(s) described as: **DEFENDANTS' REPLY TO PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' REQUEST TO SET ASIDE DEFAULTS** on the interested parties as follows:

Christopher Frost
Benjamin Kassis
David Tiraturyan
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
chris@frostllp.com
ben@frostllp.com
david1@frostllp.com
rduboff@frostllp.com
*Attorneys for Plaintiff*

☒ (BY ELECTRONIC SERVICE) via e-mail transmission to counsel for Plaintiff at the email addresses identified above.

☐ (BY U.S. MAIL) I caused such envelope with postage thereon fully prepaid, via U.S. mail to be placed in the United States mail at Glendale, California.

☐ (BY PERSONAL SERVICE) I caused such document to be personally served on all parties at…

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 24, 2026 at Glendale, California.

| | |
|---|---|
| Ivette Molina | /s/ Ivette Molina |
| (Type or print name) | (Signature) |

gourjianlawgroup