CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04980-MCS-BFMx<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**PLAINTIFF NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S OBJECTION TO AND REQUEST TO STRIKE DEFENDANTS' UNTIMELY REPLY AND SUPPLEMENTAL DECLARATION**<br><br>**[Re: ECF Nos. 35, 35-1]**<br><br>Action Filed: May 8, 2026 |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Northern Light Medical Management, LLC ("NLMM") hereby objects to and requests that the Court strike Defendants' untimely (i) Reply to Plaintiff's Combined Response to Defendants' Request to Set Aside Defaults (ECF No. 35), and (ii) Supplemental Declaration of Mike Sarian (ECF No. 35-1). NLMM separately objects to, and requests that the Court strike and/or disregard, the new arguments and evidence introduced for the first time in Defendants' Reply and Supplemental Declaration. In the alternative, if the Court is inclined to consider those filings, NLMM requests leave to file a sur-reply.

## I. THE REPLY AND SUPPLEMENTAL DECLARATION ARE UNTIMELY.

In its August 3, 2026 Order, the Court directed that "***[b]y August 17, 2026, Defendants may file a reply in support of their motion to set aside the default***." (Order at 2, ECF No. 32 (emphasis added).) Defendants filed their Reply on August 24, 2026, never having sought an extension or requesting leave to file late.[1]

"District judges must adhere to their court's local rules, which have the force of federal law." *In re Corrinet*, 645 F.3d 1141, 1146 (9th Cir. 2011). Under Local Rule 7-12, the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule," and "[t]he failure to file any required document… within the deadline, may be deemed consent to the granting or denial of the motion[.]" *See also* C.D. Cal. R. 7-13 ("A party filing any document in support of, or in opposition to, any motion noticed for hearing … after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P.").

[1] August 24, 2026 was the date originally noticed for hearing on NLMM's Motion for Entry of Default Judgment (ECF No. 28), which the Court vacated in the same Order. (Order at 1.)

The deadline here was set by this Court's August 3, 2026 Order; thus, the Court "may decline to consider" Defendants' Reply and Supplemental Declaration. *See, e.g.*, *In Re: Toyota Motor Corp. v. Toyota Motor Sales USA Inc.*, No. 210CV02944JVSFMOX, 2021 WL 5513566, at *1 (C.D. Cal. Oct. 21, 2021) (declining to consider untimely reply brief); *United States v. Harrison*, No. EDCV171556JGBKKX, 2017 WL 10573812, at *1 n.1, *2 (C.D. Cal. Oct. 18, 2017) (declining to consider untimely opposition).

## II. THE COURT SHOULD NOT CONSIDER THE NEW ARGUMENTS AND EVIDENCE PROFFERED FOR THE FIRST TIME IN DEFENDANTS' REPLY AND SUPPORTING DECLARATION.

The Ninth Circuit has held that "arguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Sophanthavong v. Palmateer*, 378 F.3d 859, 872 (9th Cir. 2004) (declining to address argument raised for first time in reply brief); *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

"District courts have interpreted this rule to apply to evidence as well." *Kruszka v. Toyota Motor Corp.*, No. CV 11-01578-RGK FFMX, 2011 WL 9820198, at *3 (C.D. Cal. Aug. 2, 2011) (citing *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007) ("the Court will not consider new ***evidence*** presented for the first time in a Reply") (emphasis added)); *see U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce ***new facts*** or different legal arguments in the reply brief than those presented in the moving papers." (emphasis added)); *see also, e.g.*, *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007) (declining to consider documents submitted with a reply brief). Additionally, "Local Rule 7–5(b) … specifies that the evidence upon which the moving party will rely in support of the motion, shall be served and filed



FROST

with the notice of the motion." *Kruszka*, 2011 WL 9820198, at *3 (citation modified) (declining to consider eight declarations from putative class members submitted with reply).

Here, Defendants' Reply and Supplemental Declaration present new arguments and facts that were all available to them on July 31, 2026, when they filed their Opposition. Furthermore, because the Court "construe[d] Defendants' filing as a motion," (Order at 2), Defendants are the moving party on their request to set aside the defaults, so Local Rule 7-5(b) required them to serve and file their supporting evidence *with their moving papers*. Yet Defendants now file a second declaration from the same witness to address the same purported service issues. (*Compare* Sarian Decl. *with* Sarian Suppl. Decl.)

Defendants also rely on *Multiple Energy Techs., LLC v. Casden*, No. 24-4691, 2026 WL 2196259 (9th Cir. July 30, 2026), which they describe as being "issued after Plaintiff filed its motion" (Reply at 7:1–2), when in fact it was issued the day *before* Defendants filed their Opposition to the Motion for Entry of Default Judgment. On a motion to set aside default, demonstrating a meritorious defense is Defendants' initial burden. *See Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *GMAC v. Elite Sports Grp.*, No. 06CV1415LABJMA, 2007 WL 951836, at *3 (S.D. Cal. Mar. 22, 2007) ("As the party seeking to set aside the default, Defendant [ ] bears the burden of showing he can bring a meritorious defense."). Although Defendants' meritorious-defense argument as to Sarian is now almost entirely premised on *Casden* (Reply at 6:25–8:12), they did not raise this defense in their Opposition and only asserted in a single clause that "substantial factual and legal disputes remain" (Opp'n at 3, ECF No. 31). Defendants' decision to reserve that authority for their Reply is prejudicial because it deprives NLMM of any

opportunity to respond.[2] *See Kurin, Inc. v. Magnolia Med. Techs., Inc.*, 473 F. Supp. 3d 1117, 1135 (S.D. Cal. 2020) ("It is inappropriate to raise new arguments in the reply, because it deprives the opposing party of an opportunity to respond."); *see, e.g.*, *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1097 n.48 (C.D. Cal. 2009) (declining to consider arguments raised for the first time in reply brief); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) (collecting cases and "noting that considering arguments raised for first time in reply brief deprives opposing party of adequate opportunity to respond"), *aff'd*, 36 F. App'x 612 (9th Cir. 2002).

Additionally, the Supplemental Declaration states, for the first time, that Sarian's mother "passed away in January 2026, approximately four months before the purported May 28, 2026 service." (Suppl. Sarian Decl. ¶ 3.) Sarian executed his first declaration on July 30, 2026 (Sarian Decl. at 3), but he did not declare anything about his mother's death at the time of that filing, which would have already been within Sarian's knowledge.

Defendants' Reply also contends that NLMM "has not established Sarian's financial condition as required by *Adams v. Murakami*, 54 Cal. 3d 105, 119–123 (1991)," and that NLMM relies on "[s]ocial-media portrayals of wealth and generalized ownership interests." (Reply at 7:19–8:5.) This argument is also new, as Defendants did not object to NLMM's request for punitive damages anywhere in the Opposition, despite NLMM's service of the Notice of Claim for Punitive Damages and Statement of Damages (ECF No. 28-27) on July 16, 2026, concurrently with the Motion.

NLMM identified this exact issue in its Response, stating: "[s]hould Defendants attempt to cure this failure in their reply by lodging a proposed answer or articulating defenses for the first time, that attempt would come too late because

---

[2] NLMM does not address the merits of this asserted defense herein, and will do so only if the Court grants NLMM's leave to file a sur-reply.

arguments and evidence presented for the first time in a reply brief are not properly considered.…" (Response at 5 n.4, ECF No. 33.) Defendants nonetheless held back new arguments and evidence, only to assert them when NLMM has no right to answer. The Court should therefore decline to consider the untimely Reply and Supplemental Declaration.

## III. DEFENDANTS' PATTERN OF NONCOMPLIANCE SUPPORTS DECLINING TO CONSIDER THEIR UNTIMELY FILINGS UNDER LOCAL RULE 7-12.

Under Local Rule 7-12, courts in this District have discretion whether to consider an untimely filing. *See Asafu-Adjaye v. Citibank, N.A.*, No. CV 10-9046 PSG AJWX, 2011 WL 61628, at *3 (C.D. Cal. Jan. 4, 2011). Defendants' conduct, however, does not provide a basis for the Court to exercise its discretion in their favor.

Among other missteps, Defendants sought affirmative relief through an opposition brief, which this Court observed Rule 7(b)(1) does not permit. (Order at 1–2.) Notably, that Opposition was also untimely, as it was filed one day after it was due. (*See* Standing Order § 9.b(a), ECF No. 18; Response at 1 n.2.) Defendants also never conducted a Local Rule 7-3 conference prior to seeking affirmative relief. (*See* Standing Order § 9.c ("Any motion that fails to comply with Local Rule 7-3 will be denied.").) Despite all this, the Court excused Defendants' incorrect vehicle by construing their filing as a motion and, most importantly, ***setting a schedule for further briefing***. (Order at 2.) Yet, Defendants, without any explanation, filed their Reply seven days after the deadline set by the Order.

Defendants have consistently treated the governing rules, procedures, and orders of this Court as optional. Nothing in their papers or conduct suggests that a further accommodation would yield a different result.

* * *

In light of the foregoing, NLMM respectfully requests that the Court sustain its objections to and strike and/or disregard Defendants' untimely Reply and the Supplemental Declaration of Mike Sarian, or, in the alternative, strike and/or

disregard the new arguments, authorities, facts, and evidence improperly asserted by Defendants for the first time in their Reply and Supplemental Declaration. In the further alternative, should the Court be inclined to consider Defendants' untimely materials, NLMM requests that the Court grant it leave to file a sur-reply addressing that new material.

DATED: August 25, 2026

Respectfully submitted,

FROST LLP

By: */s/ David Tiraturyan*

CHRISTOPHER FROST
BENJAMIN KASSIS
DAVID TIRATURYAN
Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will automatically generate and send notice of this filing to all attorneys of record who have appeared in this case and who are registered users of the Court's CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

DATED: August 25, 2026 FROST LLP

By: */s/ David Tiraturyan*
DAVID TIRATURYAN
Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC



FROST