UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-04980-MCS-BFM** | Date | August 26, 2026 |
| Title | ***N. Light Med. Mgmt., LLC v. Am. Healthcare Sys. Corp., Inc.*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER SETTING ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT (ECF NO. 28)**

Plaintiff Northern Light Medical Management, LLC, moves for default judgment against Defendants American Healthcare Systems Corp., Inc.; Waukegan Illinois Hospital Company, LLC, doing business as Vista Medical Center East; and Mike Sarian, individually and as Trustee of the Sarian Family Trust. (Mot., ECF No. 28.) Defendants filed a brief opposing the motion in which they request that the Court set aside their default. (Opp'n, ECF No. 31.) The Court set a schedule for further briefing of the issues. (Order, ECF No. 32.) Plaintiff filed a timely brief in support of its motion for default judgment and opposing Defendants' request to set aside the default. (Pl.'s Resp., ECF No. 33.) Defendants did not file a timely brief. (Order 2 (setting August 17 deadline).)[1] These issues are suitable for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.[2]

[1] The Court disregards Defendants' untimely brief. (Defs.' Resp., ECF No. 35); *see* C.D. Cal. R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.").

[2] Plaintiff's request for a hearing is denied. (Pl.'s Req., ECF No. 34.)

A court may set aside entry of default for good cause. Fed. R. Civ. P. 55(c). Courts evaluate three factors: (1) whether the defaulting party engaged in culpable conduct that led to the default, (2) whether the defaulting party has a meritorious defense, and (3) whether setting aside default would prejudice the plaintiff. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). The court may decline to set aside default if any factor is present. *Id.* Courts have "especially broad" discretion to set aside a default where default judgment has not been entered. *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (internal quotation marks omitted).

Good cause is manifest. The Court declines to infer that Defendants are culpable for their failure to timely respond to the complaint given issues they assert with respect to service of process. (Opp'n 4–7; Sarian Decl. ¶¶ 2–10, ECF No. 31-1.) Those assertions, standing alone, provide a meritorious defense.[3] *See* Fed. R. Civ. P. 12(b)(5); *see also United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) ("All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." (internal quotation marks omitted)). The prejudice Plaintiff identifies, delay in a final adjudication of this action, (Pl.'s Resp. 3–4), is not meaningful, *see, e.g.*, *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."); *Painter v. Green Dot Bank*, No. 2:25-cv-09442-AB-PD, 2026 U.S. Dist. LEXIS 32940, at *4–5 (C.D. Cal. Feb. 12, 2026) (finding no prejudice where there was "no meaningful delay" in the case and "vacating the default would merely require Plaintiff to litigate the merits of his claims"). Given the strong policy favoring resolution of civil actions on their merits, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), the Court sets aside Defendants' default.

Because the default has been set aside, entry of default judgment is inappropriate. *See* Fed. R. Civ. P. 55(b). The motion for default judgment is denied.

---

[3] This Order should not be read to endorse motion practice over the efficacy of service given Defendants' appearance and request to "permit[] this action to be decided on its merits." (Opp'n 7); *see Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." (internal quotation marks omitted)).

Defendants shall respond to the complaint within 14 days. No extensions will be granted absent an extraordinary showing of good cause presented in a stipulation or request that complies with Initial Standing Order § 4.

The Court again invites the parties to "stipulate for an order referring them to alternative dispute resolution and staying further proceedings in this case for up to 90 days pending completion of alternative dispute resolution procedures." (Order 2.)

**IT IS SO ORDERED.**