Varand Gourjian, Esq. (SBN 205344)
Email: varand@gourjianlaw.com;
Armen F. Papazian, Esq. (SBN 209989), *Of counsel*
Email: armen@papazianlawfirm.com
Alec Galustian, Esq. (SBN 360045)
Email: Alec@gourjianlaw.com
**GOURJIAN LAW GROUP, P.C.**
101 N. Brand Blvd., Suite 1220
Glendale, California 91203
Telephone: (818) 956-0100

Attorneys for Defendants: AMERICAN HEALTHCARE SYSTEMS CORP., INC. and WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIAWESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:26-cv-04980-MCS-BFMx<br><br>*Assigned for all purposes to Hon. Mark C. Scarsi*<br><br>Action Filed: May 8, 2026<br>Trial Date: Not Set<br><br>**DEFENDANTS AHS AND VISTA'S ANSWER TO COMPLAINT** |

Defendants AMERICAN HEALTHCARE SYSTEMS CORP., INC. ("AHS") and WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST ("VISTA") (collectively, the "Responding Defendants"), answer Plaintiff NORTHERN LIGHT MEDICAL MANAGEMENT, LLC ("Plaintiff" or "NLMM") Complaint as follows. To the extent any allegation in the Complaint is not specifically and expressly admitted, it is hereby denied.

## INTRODUCTION

1. Answering Paragraph 1, Responding Defendants admit only that Plaintiff purports to assert an action concerning a settlement agreement. Responding Defendants deny the remaining allegations.

2. Answering Paragraph 2, Responding Defendants admit that the settlement agreement provided for installment payments; that Responding Defendants made the first installment payment; and that the parties stipulated to dismissal of the prior action with prejudice. Responding Defendants deny the remaining allegations.

3. Answering Paragraph 3, Responding Defendants admit only that Plaintiff seeks damages and other relief against Responding Defendants and Mike Sarian. Responding Defendants deny the remaining allegations.

## THE PARTIES

4. Answering Paragraph 4, Responding Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

5. Answering Paragraph 5, AHS admits that that it is a Nevada corporation with its principal place of business in Glendale, California.

6. Answering Paragraph 6, VISTA admits that it is an Illinois limited liability company and that it does business as Vista Medical Center East.

7. Answering Paragraph 7, Responding Defendants admit that Mike Sarian is AHS's chief executive officer, sits on VISTA's board, and is sued in his individual capacity and in his capacity as Trustee of the Sarian Family Trust. Responding Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

8. Answering Paragraph 8, Responding Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

9. Answering Paragraph 9, Responding Defendants deny the allegations.

10. Answering Paragraph 10, Responding Defendants deny the allegations.

11. Answering Paragraph 11, Responding Defendants deny the allegations.

12. Answering Paragraph 12, Responding Defendants deny the allegations.

## JURISDICTION AND VENUE

13. Answering Paragraph 13, Responding Defendants admit that Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332, that AHS admits that that it is a Nevada corporation with its principal place of business in Glendale, California, that VISTA is an Illinois limited liability company with its principal place of business in the State of California, and that VISTA is a subsidiary of AHS. Responding Defendants otherwise deny the remaining allegations, including Plaintiff's legal conclusions concerning citizenship and jurisdiction.

14. Answering Paragraph 14, Responding Defendants admit that they transact business in California. Responding Defendants lack knowledge or information sufficient to form a belief as to the allegations concerning Mike Sarian's residence and the administration of the Sarian Family Trust, and therefore deny those allegations. Responding Defendants deny the remaining allegations, including any legal conclusions concerning personal jurisdiction.

15. Answering Paragraph 15, Responding Defendants admit that the Complaint purports to invoke venue in this District. Responding Defendants otherwise deny the allegations in paragraph 15, including any characterization of the terms or legal effect of the settlement agreement.

**GENERAL ALLEGATIONS**

16. Answering Paragraph 16, Responding Defendants admit that Plaintiff previously filed the action entitled *Northern Light Medical Management, LLC v. American Healthcare Systems Corp., Inc., et al.*, No. 2:25-cv-03643-MCS-BFM. Responding Defendants further admit that the prior action concerned claims arising from the parties' business relationship and a Master Services Agreement. Responding Defendants deny the remaining allegations, including any characterization of the services, pass-through costs, alleged nonpayment, or the nature and scope of the prior action.

17. Answering Paragraph 17, Responding Defendants admit only that the parties participated in settlement discussions and executed a written settlement agreement. Responding Defendants deny the remaining allegations, including any characterization of the agreement's terms or legal effect.

18. Answering Paragraph 18, Responding Defendants admit that the Settlement Agreement speaks for itself, and deny any allegation inconsistent with its actual terms. Responding Defendants deny the remaining allegations.

19. Answering Paragraph 19, Responding Defendants admit that the Settlement Agreement speaks for itself, and deny any allegation inconsistent with its actual terms. Responding Defendants deny the remaining allegations.

20. Answering Paragraph 20, Responding Defendants admit the First Installment had not been paid by March 2, 2026, and that Plaintiff transmitted

correspondence dated March 2, 2026. The Settlement Agreement speaks for itself as to its terms and legal effect. Responding Defendants deny the remaining allegations,

21. Answering Paragraph 21, admit the allegations.

22. Answering Paragraph 22, Responding Defendants admit that the parties filed a joint stipulation dismissing the Prior Action with prejudice and jointly requested that the Court retain jurisdiction to enforce the Settlement Agreement. Responding Defendants further admit that the Court entered an order dismissing the Prior Action without retaining jurisdiction. The Settlement Agreement and the Court's order speak for themselves as to their terms and effect.

23. Answering Paragraph 23, Responding Defendants admit that the Second Installment had not been paid as of April 1, 2026, and that NLMM sent a written notice dated April 2, 2026. The Settlement Agreement speaks for itself as to its terms and legal effect. Responding Defendants deny the remaining allegations.

24. Answering Paragraph 24, Responding Defendants admit that, as of the filing of the Complaint, no payment had been made beyond the First Installment. The Settlement Agreement speaks for itself as to its terms. Responding Defendants deny the remaining allegations.

25. Answering Paragraph 25, Responding Defendants deny the allegations.

26. Answering Paragraph 26, admit that Mike Sarian is AHS's founder, chairman, and chief executive officer. Responding Defendants deny the remaining allegations.

27. Answering Paragraph 27, Responding Defendants admit that Mike Sarian attended the February 9, 2026 settlement conference as AHS and VISTA's authorized representative and executed the written Settlement Agreement on behalf of AHS and VISTA. Responding Defendants deny the remaining allegations, including all characterizations concerning Sarian's knowledge, Plaintiff's alleged reliance, alleged

breach, acceleration, interest, attorneys' fees, costs, and the legal consequences of any alleged nonperformance.

28. Answering Paragraph 28, Responding Defendants deny the allegations.

29. Answering Paragraph 29, Responding Defendants deny the allegations.

30. Answering Paragraph 30, the allegations principally concern Sarian, the Sarian Family Trust, and purported personal financial motives alleged in support of the Second Claim for Relief, which is not asserted against Responding Defendants. Responding Defendants deny the allegations to the extent they are directed against Responding Defendants.

31. Answering Paragraph 31, the allegations principally concern Sarian's purported testimony and a separate state-court action, alleged in support of the Second Claim for Relief, which is not asserted against Responding Defendants. No response is required. To the extent a response is required, Responding Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

32. Answering Paragraph 32, the allegations principally concern Sarian's alleged personal guaranties and purported individual financial motives, alleged in support of the Second Claim for Relief, which is not asserted against Responding Defendants. To the extent a response is required, Responding Defendants deny the remaining allegations to the extent directed against them.

33. Answering Paragraph 33, Responding Defendants deny the allegations.

34. Answering Paragraph 34, the allegations principally concern Sarian's purported individual motives, alleged in support of the Second Claim for Relief, which is not asserted against Responding Defendants. To the extent a response is required, Responding Defendants deny the remaining allegations to the extent directed against them.

35. Answering Paragraph 35, Responding Defendants deny the allegations.

36. Answering Paragraph 36, Responding Defendants deny the allegations.

**FIRST CLAIM FOR RELIEF**

**Breach of Contract**

**(Against AHS and Vista)**

37. Responding Defendants incorporate and reallege each and every response contained in the foregoing paragraphs of this Answer as though fully set forth herein.

38. Answering Paragraph 38, Responding Defendants state that the allegations concerning the validity and enforceability of the Settlement Agreement constitute legal conclusions to which no response is required. Responding Defendants admit that AHS and VISTA entered into the written Settlement Agreement with Plaintiff. The Settlement Agreement speaks for itself as to its terms.

39. Answering Paragraph 39, Responding Defendants admit that NLMM participated in the February 9, 2026 settlement conference, executed the Settlement Agreement, and joined in the stipulation to dismiss the Prior Action with prejudice. Responding Defendants deny the remaining allegations.

40. Answering Paragraph 40, Responding Defendants deny the allegations.

41. Answering Paragraph 41, Responding Defendants admit that the Second Installment was not paid and that the Settlement Agreement speaks for itself as to its terms. Responding Defendants deny the remaining allegations.

42. Answering Paragraph 42, Responding Defendants admit that the Settlement Agreement speaks for itself as to its terms. Responding Defendants deny the allegations.

/ / /

/ / /

/ / /

/ / /

**SECOND CLAIM FOR RELIEF**

**Tortious Interference with Contractual Relations**

**(Against Sarian and DOES 1-10)**

The Second Claim for Relief is expressly asserted only against Mike Sarian and Does 1–10. No response by AHS or VISTA is required. To the extent a response is deemed required, Responding Defendants deny that Plaintiff is entitled to the relief requested in the Second Claim.

**RESPONSE TO PRAYER FOR RELIEF**

The remainder of the Complaint sets forth Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is required, Responding Defendants deny that Plaintiff is entitled to the relief or damages sought.

**AFFIRMATIVE DEFENSES**

Responding Defendants incorporate by reference the responses set forth above. Without admitting the truth of any allegation or claim set forth in the Complaint, Responding Defendants assert the following affirmative defenses to the Complaint and each and every claim purportedly stated therein. In asserting the defenses, Responding Defendants do not assume the burden of proof as to any matter for which Plaintiff bears such burden under applicable law. Moreover, Responding Defendants expressly reserve the right to amend, supplement, add, or withdraw any defenses as additional information becomes available.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint, in whole or in part, fails to state facts sufficient to constitute a claim upon which relief may be granted against one or both Responding Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(No Breach/Contract Terms Control)**

Plaintiff's claims are barred, in whole or in part, because Responding Defendants did not breach the settlement agreement. The parties' respective rights, obligations, remedies, conditions, notices, and limitations are governed by the written settlement agreement and its actual terms.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure of Conditions Precedent)**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not satisfy all conditions precedent required by the settlement agreement or applicable law before pursuing the relief requested.

**FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Prior Material Breach or Nonperformance)**

Plaintiff's claims are barred or reduced to the extent Plaintiff materially breached, failed to perform, prevented performance of, or otherwise failed to satisfy obligations imposed by the settlement agreement.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff waived strict or timely performance, including by its words, conduct, course of dealing, extensions, or acceptance of performance.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's conduct, representations, omissions, or acceptance of benefits induced Responding Defendants reasonably to act or refrain from acting to their detriment.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's recovery, if any, must be reduced by the amount of loss that Plaintiff could reasonably have avoided or mitigated.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Setoff, Credit, and Recoupment)**

Any recovery by Plaintiff must be reduced by all payments, credits, offsets, recoupment, or other amounts to which Responding Defendants are entitled.

**NINTH AFFIRMATIVE DEFENSE**

**(No Causation or Recoverable Damages)**

Plaintiff's claims are barred or limited because any alleged loss was not caused by any breach or other actionable conduct of Responding Defendants, was avoidable, is speculative, duplicative, unrecoverable, or otherwise not recoverable under the settlement agreement or applicable law.

**TENTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees and Interest Are Limited by Contract and Law)**

Plaintiff is not entitled to recover attorneys' fees, costs, contractual interest, or other enhanced relief except to the extent expressly authorized by the settlement agreement and applicable law, and only in a reasonable amount.

**RESERVATION OF ADDITIONAL DEFENSES**

Responding Defendants reserve all defenses available under Federal Rule of Civil Procedure 12(h)(2), including failure to state a claim upon which relief can be granted, and reserve the right to assert additional defenses revealed by discovery or otherwise permitted by the Federal Rules of Civil Procedure.

**RESPONDING DEFENDANTS' PRAYER**

**WHEREFORE**, Responding Defendants pray for judgment as follows:

1. That Plaintiff take nothing by its Complaint as against Responding Defendants;
2. That the Complaint be dismissed with prejudice as against Responding Defendants, to the extent appropriate;
3. That Responding Defendants recover their costs of suit incurred herein;
4. That Responding Defendants recover attorneys' fees to the extent authorized by contract or applicable law; and
5. That the Court grant such other and further relief as it deems just and proper.

DATED: September 9, 2026

Respectfully submitted,
**GOURJIAN LAW GROUP, P.C.**

/s/ Varand Gourjian
Varand Gourjian, Esq.
*Attorneys for Defendants*
AMERICAN HEALTHCARE SYSTEMS CORP., INC. and WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC

STATE OF CALIFORNIA ) ss.:

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 101 N. Brand Blvd., Suite 1220, Glendale, CA 91203.

On September 9, 2026, I served on interested parties the following document(s) described as: **DEFENDANTS AHS AND VISTA'S ANSWER TO COMPLAINT** on the interested parties as follows:

Christopher Frost
Benjamin Kassis
David Tiraturyan
Rachel Duboff
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
chris@frostllp.com
ben@frostllp.com
david1@frostllp.com
rduboff@frostllp.com
*Attorneys for Plaintiff*

☒ (BY ELECTRONIC SERVICE) via e-mail transmission to counsel for Plaintiff at the email addresses identified above.

☐ (BY U.S. MAIL) I caused such envelope with postage thereon fully prepaid, via U.S. mail to be placed in the United States mail at Glendale, California.

☐ (BY PERSONAL SERVICE) I caused such document to be personally served on all parties at…

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 9, 2026 at Glendale, California.

| | |
|---|---|
| Ivette Molina | /s/ Ivette Molina |
| (Type or print name) | (Signature) |