Varand Gourjian, Esq. (SBN 205344)
Email: varand@gourjianlaw.com;
Armen F. Papazian, Esq. (SBN 209989), *Of counsel*
Email: armen@papazianlawfirm.com
Alec Galustian, Esq. (SBN 360045)
Email: Alec@gourjianlaw.com
**GOURJIAN LAW GROUP, P.C.**
101 N. Brand Blvd., Suite 1220
Glendale, California 91203
Telephone: (818) 956-0100

Attorneys for Defendant: MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIAWESTERN DIVISION

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,

Plaintiff,

vs.

AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 2:26-cv-04980-MCS-BFMx

*Assigned for all purposes to Hon. Mark C. Scarsi*

Action Filed: May 8, 2026
Trial Date: Not Set

**MIKE SARIAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Fed. R. Civ. P. 12(b)(6)]

*Filed concurrently with [Proposed] Order*

<u>Hearing Information</u>:
Date: October 19, 2026
Time: 9:00 a.m.
Crtrm: 7C
First Street Courthouse
350 West 1st Street
Los Angeles, California 90012

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 19, 2026 at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Mark. C. Scarsi, located in the in the United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, Defendant MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST (“SARIAN”), will and hereby does move this Court for an order dismissing Plaintiff NORTHERN LIGHT MEDICAL MANAGEMENT, LLC’s (“Plaintiff’ or “NLMM”) Second Claim for Relief for tortious interference with contractual relations, asserted against him, and the derivative request for punitive damages.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Pursuant to Local Rule 7-3 and Paragraph 9.c of this Court’s Initial Standing Order for Civil Cases, counsel for the parties participated in a remote-video prefiling conference on September 3, 2026, regarding SARIAN’s Motion to Dismiss. The parties meaningfully discussed the grounds for dismissal of Plaintiff’s tortious interference with contractual relations claim under Rule 12(b)(6) but were unable to resolve the issues. Accordingly, the parties have satisfied the applicable prefiling conference requirements.

DATED: September 9, 2026

Respectfully submitted,
**GOURJIAN LAW GROUP, P.C.**

/s/ Varand Gourjian
Varand Gourjian, Esq.
*Attorneys for Defendant*
Mike Sarian

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Northern Light Medical Management, LLC ("NLMM") alleges that American Healthcare Systems Corp., Inc. ("AHS") and Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East ("VISTA") failed to make a payment required by a settlement agreement. NLMM accordingly alleges a contract claim against AHS and VISTA. It then attempts to recast the same alleged nonperformance as an intentional-interference tort against SARIAN—the AHS founder, chairman, chief executive officer, authorized settlement representative, and signatory for AHS and VISTA.

California law does not permit that end run around contract remedies. A party cannot be liable for interference with its own contract, nor can its duly authorized corporate agent be liable for inducing the party's breach when acting on the party's behalf. The Complaint itself pleads SARIAN's agency and authority. Its contrary assertion that SARIAN acted to advance a distinct personal interest rests on speculation that he sought to preserve AHS liquidity, protect himself from exposure on guarantees, or redirect cash among affiliated entities. But the Complaint identifies no actual diversion of funds, related-party transaction, usurped corporate opportunity, or other concrete act of self-dealing that plausibly places SARIAN outside his alleged role as AHS's authorized decisionmaker.

The Second Claim should therefore be dismissed. Because punitive damages are requested only as a remedy derivative of the defective tort claim against SARIAN, that request should be dismissed as well.

## II. RELEVANT ALLEGATIONS

NLMM alleges that AHS and VISTA entered into a confidential settlement agreement with NLMM and that AHS and VISTA later failed to pay a $100,000

installment and cure within the contractual cure period. Compl. ¶¶ 17–25, 38–42. NLMM asserts its First Claim for Relief for breach of contract solely against AHS and VISTA. *Id*. at 11–12. This is because SARIAN himself was not a party to the contract.

The Complaint alleges that SARIAN is AHS's founder, chairman, and chief executive officer; sits on VISTA's board; and exercises unilateral authority over AHS's material decisions. *Id*. ¶¶ 7, 26. It further alleges that SARIAN attended the February 9, 2026 settlement conference as the AHS Parties' authorized representative and executed the settlement agreement on behalf of AHS and VISTA. *Id*. ¶ 27.

The Second Claim alleges that SARIAN caused AHS and VISTA not to pay the second installment or cure the alleged default. *Id*. ¶¶ 28, 35–36, 45–49. NLMM alleges that Sarian acted to advance "individual interests" because he purportedly wished to retain and redirect AHS cash, had ownership interests in affiliated entities, and personally guaranteed certain AHS debt. *Id*. ¶¶ 29–34. NLMM seeks compensatory damages and punitive damages from SARIAN. *Id*. ¶ 50 & Prayer ¶¶ 4–5.

## III. LEGAL STANDARD

A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A court need not accept as true legal conclusions or conclusory factual allegations. On a Rule 12(b)(6) motion, the Court may consider the complaint, exhibits attached to it, and matters properly subject to judicial notice.

Under California law, intentional interference with contractual relations requires a valid contract between the plaintiff and a third party, the defendant's knowledge of that contract, intentional acts designed to induce a breach or disruption, actual breach or disruption, and resulting damage. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 514 n.5 (1994).

## IV. ARGUMENT

### a. The interference claim fails because the Complaint alleges that Sarian acted as the authorized agent of the contracting parties.

The tort of intentional interference with contract protects contracting parties against disruption by outsiders. It does not lie against a party to the contract. *Applied Equipment*, 7 Cal.4th at 513-514. The California Supreme Court has explained that the rule prevents a plaintiff from converting what is substantively a breach-of-contract claim into a tort claim carrying remedies unavailable in contract, including punitive damages. *Id*. at 515-519; *see also Dryden v. Tri-Valley Growers*, 65 Cal.App.3d 990, 998-99 (1977)

The same principle applies to agents and employees acting for and on behalf of the contracting party. In *Shoemaker v. Myers*, 52 Cal.3d 1, 24-25 (1990), the California Supreme Court held that agents vested with authority to act for the employer stand in the employer's place for purposes of an interference claim, because the employer can act only through such agents. The court therefore rejected an interference claim that merely attempted to recast the employer's alleged breach as tortious conduct by its agents.

The Complaint affirmatively pleads the necessary agency relationship here. It identifies SARIAN as AHS's CEO and chairman, alleges he possessed unilateral authority over AHS's material decisions, and alleges he acted as AHS and VISTA's authorized settlement representative and signatory. Compl. ¶¶ 7, 26–27. The alleged act of interference is likewise the same corporate act at issue in the contract claim: the alleged decision by AHS and VISTA not to pay and cure. *Id*. ¶¶ 28, 35–36, 41, 46–48. As pleaded, SARIAN is not an outside interloper; he is the alleged authorized actor through whom the contracting entities made the challenged performance decision.

The California Court of Appeal's decision in *Mintz v. Blue Cross of California*, 172 Cal.App.4th 1594, 1603-07 (2009) confirms the result. There, a representative authorized to administer the contracting principal's obligations could not be liable for interference with the principal's contract. The court rejected conclusory allegations that the agent acted for its own financial interests, explaining that an agent's ordinary financial interest in performing his role does not make the agent a stranger to his principal's contract. *Id*.

NLMM's remedy for the alleged failure to pay under the settlement agreement is its contract claim against the alleged contracting parties, AHS and VISTA. It may not obtain an additional tort remedy against their alleged authorized agent for the same alleged nonperformance.

**b. The Complaint does not plausibly allege that Sarian acted outside his agency role for a separate advantage at AHS's expense.**

NLMM may argue that SARIAN falls outside the agent rule because he allegedly acted for a personal advantage. But the pertinent inquiry is not whether an officer might incidentally benefit from a corporate decision. Rather, a plaintiff must plausibly allege facts showing the agent ceased acting on behalf of the principal and instead acted for a distinct interest adverse to the principal—for example, by actually appropriating a corporate opportunity or engaging in self-dealing at the principal's expense.

The Ninth Circuit has recognized that an advisor or agent does not forfeit the relevant privilege merely because the agent also expects to benefit personally. Where the alleged conduct is motivated at least in part by an intent to advance the principal's interests, the agent's mixed motive does not eliminate the protection afforded to the principal-agent relationship. *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 327-328 (9th Cir. 1982).

The allegations here do not describe a concrete act of self-dealing. NLMM alleges that SARIAN had a financial incentive to retain AHS's cash and speculates that AHS cash could be redirected to related entities. Compl. ¶¶ 29–34. It identifies no payment from AHS to SARIAN, no transfer to an affiliate, no particular asset diversion, no related-party transaction, no date or amount of any alleged diversion, and no corporate opportunity actually taken from AHS. Nor does the Complaint allege that Sarian received a gain separate from the ordinary economic consequences of preserving liquidity for a company he leads and in which he holds an interest.

The allegation concerning SARIAN's personal guarantees does not establish a purpose adverse to AHS. As pleaded, maintaining AHS liquidity may serve both AHS and SARIAN. Such a potentially shared interest is a paradigmatic mixed-motive allegation, not a factual basis to infer that SARIAN was acting outside his authority or against AHS's interests. *Los Angeles Airways*, 687 F.2d at 327-328.

This case is therefore unlike cases involving concrete allegations of outsiders or owners employing improper means or diverting a company's contractual opportunities for an independent competing enterprise. *See, e.g. Olivet v. Frischling*, 104 Cal.App.3d 831, 840-841 (1980). The Complaint instead alleges the conclusion that SARIAN's interests were "materially adverse" to AHS while relying on asserted motivations that remain consistent with managing the company's liquidity and financial exposure. Compl. ¶¶ 29, 34. The conclusory label does not supply the missing facts.

**c. The punitive-damages demand against Sarian must be dismissed because it depends on the defective tort claim.**

Punitive damages are a remedy, not an independent cause of action. NLMM seeks punitive damages against SARIAN only through the Second Claim. Compl. ¶ 50 & Prayer ¶ 5. If the interference claim is dismissed, the request for punitive damages necessarily fails.

Moreover, the policy underlying the rule against interference liability by a contracting party or its authorized agent independently confirms why punitive damages are unavailable here. California does not allow a plaintiff to obtain punitive damages for an ordinary contract breach merely by characterizing the alleged nonperformance as intentional or malicious. *Applied Equipment*, 7 Cal.4th at 515-19. Because the Complaint pleads no viable tort against Sarian, its request for exemplary damages must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendant SARIAN, respectfully requests that the Court:

1. Dismiss the Second Claim for Relief for Tortious Interference with Contractual Relations against SARIAN under Federal Rule of Civil Procedure 12(b)(6);
2. Dismiss NLMM's request for punitive and exemplary damages against SARIAN; and
3. Grant such other and further relief as the Court deems just and proper.

DATED: September 9, 2026

Respectfully submitted,
**GOURJIAN LAW GROUP, P.C.**

/s/ Varand Gourjian
Varand Gourjian, Esq.
*Attorneys for Defendant*
Mike Sarian

STATE OF CALIFORNIA ) ss.:

COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 101 N. Brand Blvd., Suite 1220, Glendale, CA 91203.

On September 9, 2026, I served on interested parties the following document(s) described as: **MIKE SARIAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties as follows:

Christopher Frost
Benjamin Kassis
David Tiraturyan
Rachel Duboff
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
chris@frostllp.com
ben@frostllp.com
david1@frostllp.com
rduboff@frostllp.com
*Attorneys for Plaintiff*

☒ (BY ELECTRONIC SERVICE) via e-mail transmission to counsel for Plaintiff at the email addresses identified above.

☐ (BY U.S. MAIL) I caused such envelope with postage thereon fully prepaid, via U.S. mail to be placed in the United States mail at Glendale, California.

☐ (BY PERSONAL SERVICE) I caused such document to be personally served on all parties at…

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 9, 2026 at Glendale, California.

Ivette Molina — (Type or print name)

/s/ Ivette Molina — (Signature)