Varand Gourjian, Esq. (SBN 205344)
Email: varand@gourjianlaw.com;
Armen F. Papazian, Esq. (SBN 209989), *Of counsel*
Email: armen@papazianlawfirm.com
Alec Galustian, Esq. (SBN 360045)
Email: Alec@gourjianlaw.com
**GOURJIAN LAW GROUP, P.C.**
101 N. Brand Blvd., Suite 1220
Glendale, California 91203
Telephone: (818) 956-0100

Attorneys for Defendant: MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIAWESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:26-cv-04980-MCS-BFMx<br><br>*Assigned for all purposes to Hon. Mark C. Scarsi*<br><br>Action Filed: May 8, 2026<br>Trial Date: Not Set<br><br>**MIKE SARIAN'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br><u>Hearing Information</u>:<br>Date: October 19, 2026<br>Time: 9:00 a.m.<br>Crtrm: 7C<br>First Street Courthouse<br>350 West 1st Street<br>Los Angeles, California 90012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Northern Light Medical Management, LLC's ("Plaintiff" or "NLMM") Opposition confirms the dispositive question under *Multiple Energy Technologies, LLC v. Casden*, 183 F.4th 1149 (9th Cir. 2026). The question is not whether Defendant MIKE SARIAN ("SARIAN") had a personal financial interest in the challenged corporate decision. Nor is it whether American Healthcare Systems Corp., Inc. ("AHS") and Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East ("VISTA") allegedly suffered contractual consequences from their breach. The question is whether the Complaint plausibly alleges that SARIAN acted for himself at the expense of AHS or VISTA, rather than for and on behalf of those companies. *Id.* at 1155. It does not.

The Complaint alleges that SARIAN was AHS's founder, chairman, chief executive officer, and authorized settlement representative, and that he directed AHS and VISTA not to make the payment required by their Settlement Agreement. Compl. ¶¶ 26-28, 45 to 48. Those allegations place the challenged decision squarely within SARIAN's alleged corporate authority. Plaintiff attempts to transform that corporate decision into an individual tort by alleging that SARIAN had personal reasons to preserve AHS liquidity, including his ownership interests, personal guarantees, and expenses associated with a separate dispute over control of his hospital enterprise. Compl. ¶¶ 29-34.

However, *Casden* makes clear that personal benefit is not the test. The relevant inquiry focuses on the agent's conduct, not merely his motive. 183 F.4th at 1156-1157. The Complaint identifies no transfer of the withheld settlement funds to SARIAN or HSA, no payment of SARIAN's personal expenses with those funds, no corporate opportunity taken from AHS, and no other completed act of self-dealing by which SARIAN benefited at AHS or VISTA's expense.

Plaintiff attempts to fill that gap by arguing that the breach itself harmed the AHS Parties because it accelerated the remaining settlement balance and resulted in interest and attorneys' fees. But *Casden* expressly rejected a rule under which inducing a breach itself establishes conduct adverse to the principal. Such a rule would eliminate agency immunity whenever an officer causes his company to breach a contract. *Id.* at 1159.

The Opposition therefore supplies motives and consequences, but not the missing adverse act. Therefore, the Second Claim should be dismissed.

## II. ARGUMENT

### A. The Complaint Itself Establishes Sarian's Agency, and the Court May Resolve the Issue on the Pleadings.

Plaintiff first argues that agency immunity is an affirmative defense that ordinarily presents a factual issue. Opp. at 8 to 10. Even accepting that characterization, Plaintiff's own authorities recognize that an affirmative defense may support dismissal when it is apparent from the face of the complaint. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *Harris v. Amgen, Inc.*, 788 F.3d 916, 943 (9th Cir. 2015), rev'd on other grounds, 577 U.S. 308 (2016).

That is precisely the posture here. SARIAN does not ask the Court to infer an agency relationship from evidence outside the pleadings. Plaintiff affirmatively alleges that SARIAN was AHS's founder, chairman, and chief executive officer, exercised authority over its material decisions, represented AHS and VISTA at the settlement conference, and executed the Settlement Agreement on their behalf. Compl. ¶¶ 7, 26-27. Plaintiff further alleges that the challenged interference consisted of SARIAN directing those same companies not to make a corporate payment. *Id*. ¶¶ 28, 35-36, 46-48.

The agency relationship and the nature of the challenged corporate act therefore appear on the face of the Complaint. The only remaining question is whether Plaintiff has pleaded facts bringing SARIAN outside that agency relationship under *Casden*. That

question does not require the Court to resolve competing evidence. It requires the Court to determine whether the allegations, accepted as true, plausibly describe conduct by which SARIAN acted for himself at the expense of his principals. They do not.

**B. Plaintiff Cannot Establish Conduct at the AHS Parties' Expense Merely by Pointing to the Consequences of Their Alleged Breach.**

Plaintiff argues that SARIAN acted against the AHS Parties' interests because the alleged breach accelerated the remaining settlement balance and exposed them to interest and attorneys' fees. Opp. at 12-13. That argument confuses the consequences of the breach with the separate adverse conduct required by *Casden*.

The $300,000 balance was not new principal liability created by the breach. It was the unpaid balance already owed under the Settlement Agreement. Compl. ¶¶ 19, 25. Default accelerated the timing of that obligation. Interest and enforcement expenses may constitute additional consequences of the alleged breach, but none establishes that SARIAN appropriated corporate assets, diverted a corporate opportunity, transferred AHS property to himself, or otherwise acted as a stranger to the AHS Parties.

More fundamentally, *Casden* rejected the proposition that inducing the breach itself is enough to defeat agency immunity. The Ninth Circuit explained that such a rule would effectively eliminate agency immunity whenever a corporate officer causes the company to breach. 183 F.4th at 1159.

Plaintiff therefore need not prove that the breach was economically efficient, and SARIAN need not prove that it was. The narrower question is whether the Complaint alleges conduct separate from the corporate breach by which SARIAN acted for himself at the AHS Parties' expense. It does not.

/ / /

/ / /

/ /

### C. Plaintiff's Allegations of Ownership, Guarantees, and Personal Expenses Show Possible Motive, Not Conduct Outside Sarian's Agency.

Plaintiff next relies on three alleged personal interests: SARIAN's ownership interests in AHS and HSA, his personal guarantees, and expenses associated with his separate dispute over control of the hospital enterprise. Opp. at 13 to 14. These allegations identify possible reasons SARIAN may have preferred that AHS retain liquidity. They do not identify the adverse act required by *Casden*.

As to HSA, Plaintiff emphasizes that the Sarian Family Trust allegedly owns 51 percent of AHS but 100 percent of HSA. Compl. ¶ 30. From that ownership structure, Plaintiff reasons that SARIAN had an incentive to preserve AHS cash for possible redirection to HSA. But the Complaint does not allege that the withheld settlement funds were actually transferred to HSA, used for an HSA acquisition, or otherwise diverted from AHS. The Opposition goes further than the Complaint by asserting that the cash "moves" from AHS to HSA. Opp. at 4, 13. The pleaded allegations identify an asserted incentive for possible redirection, not an actual transfer.

The personal guarantee allegations are similar. Plaintiff alleges that retaining AHS liquidity could reduce SARIAN's personal exposure on guarantees. Compl. ¶ 32. But preserving corporate liquidity may benefit both AHS and a guarantor of its obligations. The fact that SARIAN may also have had a personal interest in greater AHS liquidity does not establish that retaining the liquidity occurred at AHS's expense.

The allegations concerning SARIAN's personal counsel and security likewise fail to identify an adverse transaction. Paragraph 33 alleges that SARIAN is "positioned to fund" those expenses using AHS resources. It does not identify an actual payment by AHS, the amount or date of any such payment, or any connection between those expenses and the funds allegedly withheld from Plaintiff.

Taken together, these allegations describe possible motives and potential future uses of corporate funds. They do not plausibly allege that SARIAN actually appropriated AHS assets or otherwise acted outside his corporate role.

**D. Plaintiff's Authorities and the Procedural Posture of Casden Do Not Preclude Dismissal.**

Plaintiff relies on *Collins v. Vickter Manor, Inc.*, 47 Cal. 2d 875 (1957), *Woods v. Fox Broadcasting Sub., Inc.*, 129 Cal. App. 4th 344 (2005), and *Olivet v. Frischling*, 104 Cal. App. 3d 831 (1980). None establishes that allegations of personal motivation alone defeat dismissal.

*Collins* held that privilege did not affirmatively appear from the complaint before it. *Casden* expressly recognized that result while explaining that *Collins* was consistent with the governing agency rule. 183 F.4th at 1156 n.3. *Woods* rejected a categorical immunity rule based solely on ownership status. SARIAN advances no such categorical rule. *Olivet* involved a manager who allegedly sought to fill the economic position created by the very breach he induced, conduct materially different from the allegations here.

Plaintiff also emphasizes that *Casden* was decided after trial. Opp. at 14 to 15. But the substantive rule announced by the Ninth Circuit is not limited to post trial review. At the pleading stage, the Court accepts well pleaded factual allegations as true, but it need not assume facts that are not pleaded merely because discovery might later reveal them. Plaintiff's assertion that discovery may show where the retained funds ultimately went underscores the problem. The Complaint must plausibly allege a claim based on the conduct currently pleaded.

**E. The Local Rule 7 3 Omission Does Not Require Denial of the Motion.**

Plaintiff separately asks the Court to deny the Motion because SARIAN did not file the declaration required by Local Rule 7 3 with the moving papers. Opp. at 6. The

Motion disclosed that counsel conducted a remote video conference on September 3, 2026, regarding the grounds for dismissal and that the parties were unable to resolve the dispute. Mot. at 2. The conference therefore occurred. The omission was the failure to separately file the declaration documenting that conference and the parties' respective positions.

SARIAN has submitted counsel's declaration concurrently with this Reply to correct that omission. The declaration does not add a new ground for dismissal or alter the substance of the Motion. It documents the conference that occurred before filing.

SARIAN respectfully requests that the Court accept the declaration and decide the Motion on its merits. If the Court concludes that the omission warrants procedural relief, SARIAN respectfully requests that any denial be without prejudice.

**F. The Punitive Damages Request Falls Is Derivative of the Tortious Interference Claim.**

Plaintiff correctly notes that a request for a remedy ordinarily is not itself an independent claim subject to dismissal under Rule 12(b)(6). Opp. at 17-18. But that does not preserve a punitive damages request where the only tort claim against SARIAN is dismissed.

Plaintiff seeks punitive damages against SARIAN through its Second Claim for intentional interference with contractual relations. Compl. ¶ 50; Prayer ¶ 5. If that claim is dismissed, there is no remaining tort claim against SARIAN to support the punitive damages request.

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, SARIAN respectfully requests that the Court grant his Motion to Dismiss Plaintiff's Second Claim for Relief for Tortious Interference with Contractual Relations under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff's request for punitive and exemplary damages against SARIAN is derivative of that claim, that request should likewise be dismissed.

DATED: October 5, 2026

Respectfully submitted,
**GOURJIAN LAW GROUP, P.C.**

/s/ Varand Gourjian
Varand Gourjian, Esq.
*Attorneys for Defendant*
Mike Sarian

STATE OF CALIFORNIA ) ss.:

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 101 N. Brand Blvd., Suite 1220, Glendale, CA 91203.

On October 5, 2026, I served on interested parties the following document(s) described as: **MIKE SARIAN'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties as follows:

Christopher Frost
Benjamin Kassis
David Tiraturyan
Rachel Duboff
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
chris@frostllp.com
ben@frostllp.com
david1@frostllp.com
rduboff@frostllp.com
*Attorneys for Plaintiff*

☒ (BY ELECTRONIC SERVICE) via e-mail transmission to counsel for Plaintiff at the email addresses identified above.

☐ (BY U.S. MAIL) I caused such envelope with postage thereon fully prepaid, via U.S. mail to be placed in the United States mail at Glendale, California.

☐ (BY PERSONAL SERVICE) I caused such document to be personally served on all parties at…

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 5, 2026 at Glendale, California.

| | |
|---|---|
| Ivette Molina | /s/ Ivette Molina |
| (Type or print name) | (Signature) |