CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC,

Plaintiff,

v.

AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:26-cv-04980-MCS-BFMx

*Assigned to: Hon. Mark C. Scarsi*

**PLAINTIFF NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S REQUEST TO VACATE ORDER OF DISMISSAL AND REOPEN CASE**

**[Re: ECF No. 54]**

Action Filed: May 8, 2026

Plaintiff Northern Light Medical Management, LLC ("NLMM") respectfully requests that this Court vacate its October 19, 2026 Order Dismissing Action (ECF No. 54) and reopen this case pursuant to the jurisdiction the Court retained in that Order. NLMM seeks this relief on the grounds that settlement cannot be completed within the 45-day period provided in the Court's Order, nor in any other period. As set forth below and in the accompanying declaration of NLMM's counsel, Defendants[1] never signed the written settlement agreement approved by their counsel, did not make the settlement payment by the agreed deadline, did not make the payment by the extended deadline they proposed, and have since all but confirmed through counsel that no payment is forthcoming. As such, NLMM respectfully submits that no further settlement process is available to bring the settlement to completion.

## I. BACKGROUND

On October 5, 2026, Defendants' counsel contacted NLMM's counsel to discuss a potential settlement. (Tiraturyan Decl. ¶ 2.) Over the next few days, the parties negotiated, and on October 14, 2026, NLMM agreed to Defendants' proposed settlement amount on the condition that Defendants make the settlement payment by Monday, October 19, 2026. (*Id.* ¶¶ 3–4.) Defendants accepted the terms but asked until Friday, October 23, 2026, to make the payment in full. (*Id.* ¶ 4.) NLMM agreed, on the express condition that Defendants pay by that date. (*Id.*)

On October 16, 2026, with the approval of Defendants' counsel, the parties notified the Court that they had reached a settlement of all claims. (Tiraturyan Decl. ¶ 5, Ex. A at 4; Notice of Settlement, ECF No. 53.) Subsequently, on October 19, 2026, the Court dismissed the action without prejudice and vacated all hearings and

[1] American Healthcare Systems Corp., Inc. ("AHS"), Waukegan Illinois Hospital Company, LLC d.b.a. Vista Medical Center East ("Vista"), and Mike Sarian, individually and as Trustee of the Sarian Family Trust, are collectively referred to herein as "Defendants."



FROST

deadlines; however, the Court expressly retained jurisdiction to vacate the dismissal and reopen the action within 45 days upon a showing of good cause why the settlement cannot be completed within that period. (Order Dismissing Action, ECF No. 54.)

On October 20, 2026, NLMM's counsel sent Defendants' counsel a draft written settlement agreement and asked for any revisions "as soon as [he could]" in light of "the Friday payment deadline." (Tiraturyan Decl. ¶ 6, Ex. A at 3.) Defendants' counsel returned a redline on October 21, 2026, which NLMM accepted the same day. (*Id.* ¶¶ 7–8, Ex. A at 2–3.) On October 22, 2026, Defendants' counsel responded that the final agreement "[l]ooks good" and that he would "send it to [his] client for execution as well." (*Id.* ¶ 9, Ex. A at 1.) NLMM signed the agreement that day, and its counsel sent the signed copy to Defendants' counsel that morning. (*Id.* ¶ 10, Ex. A at 1; *see generally id.* Ex. B.) Defendants, however, never signed the agreement. (*Id.* ¶ 16.)

Unfortunately, Defendants did not make the settlement payment by October 23, 2026. (*Id.* ¶ 11.) Instead, on October 26, 2026, Defendants' counsel told NLMM's counsel that Mr. Sarian's "refinancing has been pushed back due to repeated delays by the bank" and that Defendants needed one more week, until November 2, 2026, to make the payment. (*Id.* ¶ 12.) NLMM's counsel responded that NLMM considered Defendants to be in breach and would consider the November 2 date only if Defendants signed a stipulation for entry of judgment. (*Id.* ¶ 13.) On October 28, 2026, NLMM's counsel sent Defendants' counsel a proposed stipulation for entry of judgment and a proposed stipulated judgment, which NLMM would hold and file "only in the event that payment isn't made by the Monday, 11/2 deadline." (*Id.* ¶ 14, Ex. C at 1.) In the same email, NLMM's counsel stated that NLMM did not waive any rights, including its position that Defendants were already in breach. (*Id.*)

On October 30, 2026, Defendants' counsel told NLMM's counsel that he had received and reviewed the stipulation and was awaiting his clients' response on it and

on the execution of the settlement agreement. (*Id.* ¶ 15.) Yet, again, Defendants did not sign either the stipulation for entry of judgment or the proposed stipulated judgment. (*Id.* ¶ 16.) Nor did Defendants pay the settlement amount ***that they specifically proposed*** by their unilaterally extended November 2, 2026 date, or at any time after that. (*Id.* ¶ 17.)

On November 2, 2026, NLMM's counsel spoke with Defendants' counsel by telephone, who confirmed that payment would not be made that day and expressed no confidence that it could be made at any time. (*Id.* ¶ 18.) NLMM's counsel explained that, because Defendants had failed to pay even after NLMM agreed to their terms and then extended the payment deadline at their request, there was no reasonable prospect of completing the settlement, and NLMM had no choice but to ask the Court to vacate the dismissal and reopen the case. (*Id.* ¶ 19.) Defendants' counsel acknowledged that NLMM had no other option and understood that seeking relief from the Court was the only path forward. (*Id.*) NLMM's counsel confirmed that position in writing the same day. (*Id.* ¶ 20, Ex. C at 1.)

## II. GOOD CAUSE EXISTS TO REOPEN THE CASE

In the Order Dismissing Action (ECF No. 54), this Court wrote:

> The Court retains jurisdiction to vacate this Order and reopen the action within 45 days upon a request supported by a showing of good cause why the settlement cannot be completed within the 45-day period, explaining what further settlement processes are necessary and when the party or parties making the request reasonably expect the process to be concluded.

The settlement in this action cannot be completed because there is no indication that Defendants will ever comply with their settlement obligations. Specifically, the issue does not stem from a disagreement over terms given that the parties agreed on all material terms by October 14, 2026 and finalized a written agreement by October 22, 2026. (Tiraturyan Decl. ¶¶ 4, 6–10, Exs. A, B.) All that remained at that point was for Defendants to perform by (i) signing the agreement (that they had already



FROST

approved) and (ii) making the payment. (*Id.* ¶¶ 9–10.) Defendants have not done either to date, nor does anything suggest that they ever will. (*Id.* ¶¶ 11–19.)

Although NLMM would have much preferred to resolve this action without further litigation, the unfortunate reality is that no further settlement process would help because reaching a settlement has never been the obstacle for Defendants; rather, it has been their failure to pay. Indeed, Defendants' non-payment of a settlement agreement is the reason why this action exists at all.[2] Now, the parties settled a second time but Defendants *again* failed to pay. (Tiraturyan Decl. ¶¶ 4, 11, 17.) Another settlement conference would not resolve the core obstacle to the full resolution of this action, the only remaining option being a complete adjudication of NLMM's claims through judgment and, if necessary, enforcement proceedings. NLMM therefore respectfully submits that it cannot identify any further settlement process that is necessary or any date by which such process could reasonably be expected to conclude. For the same reasons, NLMM respectfully requests that the Court deem the settlement conference requirement of its October 6, 2026 Order satisfied. (ECF No. 51 at 2.)

## III. CONCLUSION

For the foregoing reasons, NLMM respectfully requests that the Court enter an order: (1) vacating the Order Dismissing Action (ECF No. 54) and reopening this case; (2) setting a Scheduling Conference; (3) setting an expedited schedule for discovery, motions, and trial at the Scheduling Conference; (4) directing Defendant Mike Sarian to respond to the Complaint within fourteen days of the Court's order;

[2] After the parties settled the prior action at a settlement conference before Magistrate Judge Mircheff, AHS and Vista defaulted on the settlement payments, and NLMM filed this action to enforce that settlement. (*See generally* Compl., ECF No. 1; *see* Answer ¶ 41, ECF No. 38 (admitting that the second installment was not paid).)



FROST

and (5) deeming the settlement conference requirement of the Court's October 6, 2026 Order (ECF No. 51) satisfied.[3]

DATED: November 6, 2026

Respectfully submitted,

FROST LLP

By: */s/ David Tiraturyan*
CHRISTOPHER FROST
BENJAMIN KASSIS
DAVID TIRATURYAN
Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

---

[3] This Request is timely because NLMM brings it within 45 days of the October 19, 2026 Order.

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will automatically generate and send notice of this filing to all attorneys of record who have appeared in this case and who are registered users of the Court's CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

DATED: November 6, 2026 FROST LLP

By: *\/s/ David Tiraturyan*
DAVID TIRATURYAN
Attorney for Plaintiff
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC