CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC,

Plaintiff,

v.

AMERICAN HEALTHCARE SYSTEMS CORP., INC.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST; MIKE SARIAN, individually and as Trustee of the SARIAN FAMILY TRUST; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:26-cv-04980-MCS-BFMx

*Assigned to: Hon. Mark C. Scarsi*

**DECLARATION OF DAVID TIRATURYAN IN SUPPORT OF PLAINTIFF NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S REQUEST TO VACATE ORDER OF DISMISSAL AND REOPEN CASE**

Action Filed: May 8, 2026

**DECLARATION OF DAVID TIRATURYAN**

I, David Tiraturyan, declare as follows:

1. I am an attorney licensed to practice before this Court, and am an associate with the law firm of FROST LLP, attorneys of record herein for Plaintiff Northern Light Medical Management, LLC ("NLMM"). I have personal knowledge of the facts stated herein and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of NLMM's Request to Vacate Order of Dismissal and Reopen Case (the "Request"), filed concurrently herewith.

2. On October 5, 2026, Defendants' counsel, Alec Galustian, contacted me by telephone to discuss a potential settlement of this action.

3. Over the following days, from October 5 through October 14, 2026, Mr. Galustian and I negotiated the terms of a potential settlement that would fully and finally resolve this dispute.

4. On October 14, 2026, I informed Mr. Galustian that NLMM would accept Defendants' proposed settlement amount, *but* on the condition that Defendants make the settlement payment by Monday, October 19, 2026. Mr. Galustian informed me that Defendants accepted those terms, but stated that Defendants needed until the following Friday (October 23, 2026) to make the payment in full. NLMM agreed to that request, on the express condition that Defendants make the payment by October 23, 2026.

5. On October 16, 2026, I emailed Defendants' counsel a draft Notice of Settlement and advised that I would circulate a draft settlement agreement the following Monday. Mr. Galustian responded: "Looks good. You can attach my digital signature to it and get it filed." I filed the Notice of Settlement that same day. (ECF No. 53.) A true and correct copy of the parties' counsel's email correspondence concerning the settlement of this action, from October 16, 2026 through October 22, 2026, is attached hereto as **Exhibit A**.

6. On October 20, 2026, I emailed Mr. Galustian a draft written settlement agreement and asked him to "make any edits in redline and circulate as soon as you can" and noted that "[w]e'd like to get this wrapped up ASAP in light of the Friday payment deadline."

7. On October 21, 2026, Mr. Galustian sent me a redlined version of the settlement agreement.

8. That same day, I advised Defendants' counsel that NLMM was "fine with the changes," and that, after accepting Defendants' redlines, I had made two minor clerical changes to correct grammatical errors. I then sent Defendants' counsel a clean PDF of the final settlement agreement, including wire instructions.

9. On October 22, 2026, Mr. Galustian responded: "Looks good. I will send it to my client for execution as well."

10. NLMM executed the settlement agreement on October 22, 2026, a copy of which I sent to Defendants' counsel at 10:39 a.m. that day A true and correct copy of the settlement agreement executed by NLMM (in redacted form) is attached hereto as **Exhibit B**.

11. Neither NLMM nor FROST LLP received the settlement payment by October 23, 2026.

12. On October 26, 2026, Mr. Galustian advised me that Mr. Sarian's "refinancing has been pushed back due to repeated delays by the bank" and that Defendants needed one additional week, until Monday, November 2, 2026, to make the settlement payment.

13. I responded that NLMM's position was that Defendants were in breach, and that NLMM would consider a November 2, 2026 payment date only if Defendants signed a stipulation for entry of judgment and provided a stipulated judgment.

14. On October 28, 2026, I emailed Mr. Galustian a draft stipulation for entry of judgment and a proposed stipulated judgment. In that email, I explained that NLMM would hold the executed stipulation and stipulated judgment in trust and

would file them "only in the event that payment isn't made by the Monday, 11/2 deadline." I further stated that NLMM "doesn't waive any rights or positions by entering into this stipulation, including its position that Defendants are currently in breach under the settlement agreement." A true and correct copy of my email correspondence with Defendants' counsel from October 16, 2026 through November 2, 2026, including my October 28, 2026 email with the stipulated judgment, is attached hereto as **Exhibit C**.

15. On October 30, 2026, Mr. Galustian advised me that he had received and reviewed the stipulation, and that he was awaiting his clients' response regarding both the stipulation and the execution of the settlement agreement.

16. As of the date of this Declaration, no Defendant has returned an executed copy of the settlement agreement, the stipulation for entry of judgment, or the proposed stipulated judgment.

17. No part of the settlement payment was received by November 2, 2026, by either NLMM or FROST LLP, nor at any time after that date.

18. On November 2, 2026, I spoke with Mr. Galustian by telephone, who confirmed that Defendants had not made the settlement payment that day, and he was unable to express any confidence that the payment could be made at any time. He also stated that he had not received any update from his clients regarding the payment.

19. During the same call, I explained to Mr. Galustian that, because Defendants had failed to make the settlement payment even after NLMM agreed to their proposed settlement amount and then extended the payment deadline at their request, there was no reasonable prospect of completing the settlement, and NLMM therefore had no choice but to ask the Court to vacate the dismissal and reopen this action. Mr. Galustian acknowledged that NLMM had no other option and that he understood seeking relief from the Court was the only path forward.

20. Following that call, at 4:53 p.m. on November 2, 2026, I emailed Mr. Galustian, copying Varand Gourjian and Armen Papazian, confirming in writing that

NLMM would be moving to vacate the dismissal and reopen this case immediately. (Ex. C at 1.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of November, 2026, at Los Angeles, California.

David Tiraturyan