# EXHIBIT B

# CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release (the "Agreement"), effective as of October 21, 2026 (the "Effective Date"), is made and entered into by and among the following parties (each a "Party," and collectively, the "Parties"):

1. Plaintiff Northern Light Medical Management, LLC ("NLMM"); and

2. Defendants American Healthcare Systems Corp., Inc. ("AHS"), Waukegan Illinois Hospital Company, LLC d.b.a. Vista Medical Center East ("Vista"), and Mike Sarian, individually and as Trustee of the Sarian Family Trust ("Sarian") (collectively, the "AHS Defendants").

## RECITALS

A. WHEREAS, NLMM, AHS, and Vista are parties to a Confidential Settlement Agreement and Mutual Release effective as of February 27, 2026 (the "Prior Settlement Agreement"), which resolved the action entitled *Northern Light Medical Management, LLC v. American Healthcare Systems Corp., Inc., et al.*, Case No. 2:25-cv-03643-MCS-BFMx (the "Prior Action"), and under which AHS and Vista agreed to pay NLMM the total sum of $675,000.00 in four installments.

B. WHEREAS, AHS and Vista paid the first installment under the Prior Settlement Agreement, and on March 30, 2026, the Court dismissed the Prior Action with prejudice pursuant to the parties' joint stipulation.

C. WHEREAS, AHS and Vista did not pay the second installment of $100,000.00 due under the Prior Settlement Agreement on April 1, 2026, and NLMM contends that the unpaid balance of $300,000.00 thereafter accelerated and became immediately due and payable under Section 2.4 of the Prior Settlement Agreement, together with interest at the rate of ten percent (10%) per annum and NLMM's attorneys' fees and costs.

D. WHEREAS, on May 8, 2026, NLMM filed a legal action against the AHS Defendants in the United States District Court for the Central District of California, entitled *Northern Light Medical Management, LLC v. American Healthcare Systems Corp., Inc., et al.*, Case No. 2:26-cv-04980-MCS-BFMx (the "Action"), asserting claims for (1) breach of contract against AHS and Vista and (2) tortious interference with contractual relations against Sarian. (ECF No. 1.)

E. WHEREAS, the AHS Defendants deny the claims asserted in the Action. AHS and Vista answered the Complaint on September 9, 2026 (ECF No. 38), and Sarian moved to dismiss the claim against him (ECF No. 41), which motion the Court denied without prejudice by Order dated October 6, 2026, in which it also referred the Parties to a settlement conference (ECF No. 51).

F. WHEREAS, on October 16, 2026, the Parties filed a Notice of Settlement advising the Court that they had reached a settlement of all claims asserted in the Action. (ECF No. 53.)

G. WHEREAS, without admitting any liability, fact, claim, or defense, the Parties desire to enter into this Agreement to resolve the Action on the terms set forth herein, without modifying the Prior Settlement Agreement except as expressly provided herein.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual promises and agreements set forth below, the Parties agree as follows:

## 1. Incorporation of Recitals

The Recitals set forth above are true and correct and are incorporated into and made a material part of this Agreement.

## 2. Settlement Consideration

2.1 Monetary Payment. [redacted] shall pay [redacted] (the "Settlement Payment") in a single lump-sum payment.

2.2 Timing of Payment. The Settlement Payment shall be paid to NLMM on or before 5:00 p.m. Pacific Time on Friday, October 23, 2026 (the "Payment Deadline"). The Settlement Payment shall be deemed made only upon receipt of the full amount, in good and immediately available funds, in the account identified in Section 2.3.

2.3 Method of Payment. The Settlement Payment shall be made via wire transfer to the Client Trust Account of FROST LLP, counsel for NLMM, in accordance with the wire instructions attached hereto as Attachment A and incorporated herein by reference.

2.4 Dismissal of Action. Within three (3) business days of NLMM's receipt of the full Settlement Payment, the Parties shall file a Stipulation of Dismissal of the entire Action, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), as to all Parties and all claims, together with a proposed order requesting that the Court retain jurisdiction to enforce the terms of this Agreement and to enter such further orders as may be necessary to effectuate the purposes of this Agreement. The Court's decision whether to retain jurisdiction shall not affect the validity or enforceability of this Agreement. If the Court declines to retain jurisdiction, any action to enforce this Agreement shall be brought in accordance with Section 14.2.

2.5 Effect of Default. In the event the Settlement Payment is not paid in full by the Payment Deadline, AHS and Vista shall be in default without any requirement of notice, demand, or opportunity to cure, and NLMM may, at its sole election:

(a) move the Court in the Action to enforce this Agreement, in which event the AHS and Vista consent to the Court's entry of judgment against them, jointly and severally, in the amount of the unpaid balance of the Settlement Payment, plus interest thereon at the rate of ten percent (10%) per annum from the day following the Payment Deadline until the date of entry of judgment, plus NLMM's reasonable attorneys' fees and costs incurred in

enforcing this Agreement, and waive any defense to such motion other than payment in full; or

(b) proceed with the prosecution of the Action, in which event the release set forth in Section 3.1 shall not take effect, and NLMM shall retain all claims asserted in the Action and all rights and remedies under the Prior Settlement Agreement and applicable law, with any amount paid toward the Settlement Payment credited against any recovery.

2.6 <u>Satisfaction of Prior Obligations</u>. Upon NLMM's receipt of the Settlement Payment in full, the Settlement Payment shall constitute full satisfaction of the payment obligations of AHS and Vista under Sections 2.1 and 2.4 of the Prior Settlement Agreement, including the unpaid balance of $300,000.00 and all interest, attorneys' fees, and costs accrued thereon. Until NLMM's receipt of the Settlement Payment in full, nothing in this Agreement shall waive, release, or modify any right or remedy of NLMM under the Prior Settlement Agreement or in the Action.

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

**9. No Assignment**

Each Party represents and warrants that it has not heretofore assigned, transferred, conveyed, or purported to assign, transfer, or convey to any person or entity any claim, demand, debt, liability, obligation, or cause of action arising out of or related to the Action or released under this Agreement.

**10. Authority to Sign**

Each Party represents and warrants that it has the full right, power, and authority to enter into this Agreement and to perform all of its obligations hereunder. Each individual signing this Agreement on behalf of an entity represents and warrants that he or she is duly authorized to execute this Agreement on behalf of such entity and to bind such entity to its terms. Sarian further represents and warrants that he is the duly appointed and acting Trustee of the Sarian Family Trust and is authorized to execute this Agreement on its behalf and to bind it to its terms.

**11. Representation by Counsel**

Each Party represents, warrants, and acknowledges that it has been represented by independent counsel of its own choosing throughout all negotiations preceding the execution of this Agreement, and that this Agreement has been executed with the consent and upon the advice of independent

counsel. Each Party further acknowledges that it has had a full and fair opportunity to review and negotiate the terms of this Agreement.

**12. Attorneys' Fees and Costs**

Except as provided in Section 2.5, each Party shall bear its own attorneys' fees, costs, and expenses in connection with the Action and the negotiation and execution of this Agreement.

[redacted]

**14. Choice of Law**

14.1 Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to any conflict of laws principles that would require the application of the laws of any other jurisdiction.

14.2 Jurisdiction, Forum, and Venue. Any action or proceeding arising out of or relating to this Agreement shall be brought exclusively in the United States District Court for the Central District of California, or if that court lacks jurisdiction for any reason, then in the Superior Court of California for the County of Los Angeles.

**15. Further Assurances of Cooperation**

The Parties agree to cooperate fully with one another and to execute and deliver any and all documents, instruments, or stipulations, and to perform any and all acts, that may be reasonably necessary or appropriate to effectuate the terms and intent of this Agreement. Each Party shall act in good faith to accomplish the objectives of this Agreement and to take no action inconsistent with its terms.

**16. Partial Invalidity and Severability**

In the event that any provision of this Agreement is held to be void, voidable, unlawful, or for any reason unenforceable, the remaining provisions or portions of this Agreement shall remain in full force and effect and shall not be affected or impaired thereby.

[redacted]

/ / /

[redacted]

[redacted]

[redacted]

**18. Interpretation and Drafting Ambiguities**

This Agreement is the product of negotiation and preparation by and among the Parties. Each Party has had the opportunity to review this Agreement, to negotiate its terms, and to consult with counsel of its own choosing. The Parties acknowledge that no Party shall be construed to be solely responsible for the drafting of this Agreement. Accordingly, this Agreement shall not be construed more strictly against one Party than another, and any ambiguity shall not be construed against any Party as the alleged draftsperson.

**19. Fully Integrated Agreement**

This Agreement, including the Recitals set forth above and Attachment A, constitutes the final, complete, and exclusive statement of the terms of the agreement among the Parties with respect to the subject matter hereof. Except for the Prior Settlement Agreement, which remains in effect as provided in Section 3.3 herein, this Agreement supersedes and merges all prior and contemporaneous negotiations, discussions, correspondence, communications, representations, warranties, understandings, and agreements, whether oral or written, between or among the Parties relating to such subject matter. Each Party represents and warrants that, in executing this Agreement, it has not relied upon any statement, representation, promise, or inducement of any kind, whether oral or written, made by any other Party or any agent or representative thereof, other than those expressly set forth herein.

**20. Execution in Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

**21. Headings**

The section headings and captions used in this Agreement are for convenience of reference only and shall not affect the meaning, interpretation, or construction of any provision of this Agreement.

**22. Modification; Waiver**

This Agreement may not be amended, modified, or supplemented in any manner except by a written instrument signed by all Parties or their duly authorized representatives. No course of conduct or dealing between the Parties, nor any delay or failure by any Party to exercise any right or remedy under this Agreement, shall constitute or be deemed a modification or waiver of any provision hereof.

* * *

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the date(s) set forth below.

**AGREED AND ACCEPTED:**

[SIGNATURES ON FOLLOWING PAGE]

DATED: 10/22/2026

**Northern Light Medical Management, LLC**

By: Patrick F. Santore Jr.

Its: Chief Executive Officer

DATED: ____________________

**American Healthcare Systems Corp., Inc.**

By: ____________________

Its: ____________________

DATED: ____________________

**Waukegan Illinois Hospital Company, LLC**

By: ____________________

Its: ____________________

DATED: ____________________

**Mike Sarian, individually and as Trustee of the Sarian Family Trust**

## ATTACHMENT A – WIRE INSTRUCTIONS

[redacted]