**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC,<br>Plaintiff,<br>v.<br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., et al.,<br>Defendants. | No. 2:26-cv-04980-MCS-BFM<br>**ORDER RE SETTLEMENT CONFERENCE** |

**PLEASE READ THIS ORDER CAREFULLY!**

Magistrate Judge Brianna Fuller Mircheff will be handling settlement proceedings in this matter. A settlement conference will be held on **December 17, 2026, at 10:00 a.m.** via Zoom. Counsel shall e-mail Judge Mircheff's courtroom clerk at BFM_Chambers@cacd.uscourts.gov with the names of all parties (including counsel and any representatives) who will be participating in the settlement conference. Once the clerk has received this information, a Zoom invitation will be sent out to the parties.

The Magistrate Judge will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. The following are guidelines for the parties in preparing for the settlement conference:

1. The purpose of the settlement conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, about every aspect of the case bearing on its settlement value.

2. Pursuant to Local Rule 16-14.8, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree. No part of a settlement proceeding shall be reported or otherwise recorded without the consent of the parties, except for any memorialization of a settlement.

3. In addition to lead counsel's presence, **a person with full settlement authority must likewise be present for the conference**. This requirement contemplates the presence of your client or, if your client is a corporate entity, of an authorized and knowledgeable representative of your client. Plaintiff's representative must have full and final authority, **in the representative's sole discretion**, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to Defendant's last offer made prior to the settlement conference. Defendant's representative must have final settlement authority to commit Defendant to pay, **in the representative's sole discretion**, a settlement amount recommended by the settlement judge up to Plaintiff's prayer (excluding punitive damage prayers), or up to Plaintiff's last demand made prior to the settlement conference, whichever is **lower**. The purpose of this requirement is to have representatives present who can settle the case during the conference

without consulting a superior.

4. Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) may cause the settlement conference to be cancelled and rescheduled. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

5. Any insurance company that is a party to the case or is contractually required to defend or to pay damages assessed within policy limits shall have a settlement representative present at the conference. Counsel is responsible for timely advising any involved non-party insurance company of the requirements of this Order.

6. The settlement judge may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others. The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel. This is necessary to avoid intentional or unintentional misquotation of the judge's comments.

7. Unless otherwise excused by the Court, no later than fifteen days before the date of the settlement conference, counsel for Plaintiff shall email or hand-deliver a written settlement demand to counsel for Defendant. Counsel for Defendant shall email or hand-deliver a response to counsel for Plaintiff no later than twelve days before the date of the settlement conference; if Plaintiffs' demand is not accepted, Defendants' written response must include a counter-settlement offer. Plaintiff shall accept or reject the counter-settlement offer no later than the deadline for submission of settlement memos. All demands and counter-offers must be accompanied by a brief explanation of the party's settlement proposal.

8. **No later than December 10, 2026, each party shall submit a confidential settlement conference statement directly to the chambers of Magistrate Judge Mircheff** (i.e., chambers' courtesy copy box is located outside of Suite 1200 on the 12th Floor) or by email to: **BFM_chambers@cacd.uscourts.gov**. The statement shall be submitted in a sealed envelope clearly marked confidential, and shall not be filed with the Clerk of the Court or given to opposing counsel; it will not be made part of the case file. The statement shall be in the form of a letter, and shall not exceed five pages in length. The statement shall include the following:

A. A brief statement of the facts of the case, and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded. This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

B. An itemized statement of the damages claimed, and of any other relief sought.

C. A history of past settlement discussions, offers and demands.

D. A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

E. The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial and (iii) trial.

F. The party's evaluation of the terms on which the case could be settled **fairly**, **taking into account the litigation position and settlement position of the other side.**

9. If it does not appear to the Court from its review of the parties'

statements that a settlement conference at this juncture in the proceedings is likely to result in a settlement of the matter, the Court may order the settlement conference off calendar or defer it to a later juncture in the proceedings (e.g., after a pending or anticipated dispositive summary judgment motion is decided). In the event any party believes, in good faith, after the above described steps have been completed, that a settlement conference at this point in the litigation would not be meaningful, the party may contact Judge Mircheff's courtroom deputy clerk at BFM_Chambers@cacd.uscourts.gov and provide her with this information. The Court will then contact the parties to discuss with them how to proceed.

10. If settlement between any or all parties is reached as a result of the settlement conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement. *See* Local Rule 16-14.7.

11. All papers submitted for the settlement conference will either be returned to the parties or destroyed by the Magistrate Judge, after the settlement proceedings are concluded, unless the parties agree otherwise.

DATED: November 23, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE